521 So.2d 149 (1988)
Brenda J. WOMBLE, Appellant,
v.
George A. WOMBLE, Appellee.
No. 87-767.
District Court of Appeal of Florida, Fifth District.
January 28, 1988.
Rehearing Denied March 10, 1988.
James L. Rose of Rice and Rose, and Berrien Becks, Jr. of Becks, Becks & Wickersham, Daytona Beach, for appellant.
Garrett L. Briggs of Adams and Briggs, Daytona Beach, for appellee.
UPCHURCH, F.D., Jr., Judge, Retired.
Appellant Brenda Womble appeals a final judgment of dissolution, contending that the court erred in awarding rehabilitative alimony instead of permanent alimony. We agree.
The principal purpose of rehabilitative alimony is to establish the capacity for self-support of the receiving spouse, *150 either through the redevelopment of previous skills or provision of the training necessary to develop potential supportive skills. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Where appropriate, rehabilitative alimony may be converted to permanent periodic alimony.
Permanent periodic alimony is used to provide the needs and the necessities of life to a former spouse as they have been established by the marriage of the parties. The two primary elements to be considered when determining permanent periodic alimony are the needs of one spouse for the funds and the ability of the other spouse to provide the necessary funds. The criteria to be used in establishing this need include the parties' earning ability, age, health, education, the duration of the marriage, the standard of living enjoyed during its course and the value of the parties' assets. Id.
In the present case, the parties were both in their forties and had a high school education. The husband, however, worked outside the home for Publix Supermarkets and now, after more than thirty years, earns over $50,000 per year and receives bonuses and additional benefits from Publix. In contrast, the wife had worked part time about twenty years ago at a credit bureau but after their first child was born in 1967, the wife worked as a homemaker. Since 1980 the wife has worked as a physical therapist earning $4.00 per hour. There was no evidence of any potential for advancement in this field or the likelihood of increased earnings. There was also no evidence of any plan for rehabilitation or course of study for the wife.
This court has observed:
A person is not self-supporting simply because he or she has a job and income. The standard of living must be compared with the standard established during the course of the marriage. A divorced wife is entitled to live in a manner reasonably commensurate with the standard established by the husband during the course of a long term marriage. [Citation deleted]. A court must base an award of alimony to a wife upon the ability of her husband to pay that award and her financial needs in light of the standard of living she enjoyed during the marriage.
O'Neal v. O'Neal, 410 So.2d 1369, 1371 (Fla. 5th DCA 1982).
It is true that the wife received $39,000 in cash but the income generated from this amount would not be sufficient to substantially raise the wife's standard of living. Even if the wife were employed full time as a physical therapist, her potential salary does not appear sufficient to support her at the standard approaching that which existed during the marriage and accordingly the wife should have been awarded permanent periodic alimony. See Holcomb v. Holcomb, 505 So.2d 1385 (Fla. 1st DCA 1987); Laman v. Laman, 490 So.2d 985 (Fla. 5th DCA 1986); Priede v. Priede, 474 So.2d 296 (Fla. 2d DCA 1985); Linn v. Linn, 464 So.2d 614 (Fla. 4th DCA 1985); DeCenzo v. DeCenzo, 433 So.2d 1316 (Fla. 3d DCA 1983).
REVERSED and REMANDED.
DAUKSCH, J., concurs.
COWART, J., dissents without opinion.