524 So.2d 736 (1988)
Dorothy G. ASKEGARD, Appellant,
v.
Vernon R. ASKEGARD, Appellee.
No. BT-94.
District Court of Appeal of Florida, First District.
May 13, 1988.
John L. Myrick of Myrick & Davis, P.A., Pensacola, for appellant.
Charles J. Kahn, Jr. and Richard E. Scherling of Levin, Warfield, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A., Pensacola, for appellee.
PER CURIAM.
This cause is before us on appeal of a final order of dissolution awarding the wife *737 $750 monthly rehabilitative alimony for two years, $250 per child monthly child support, and the marital home and its furnishings as lump-sum alimony. The husband was awarded the parties' second home and its furnishings and the rights to his retirement plans. Other personal property was divided approximately equally. The wife raises two issues for our consideration: (1) that it was error to award rehabilitative, not permanent, alimony, and (2) the amount of the alimony awarded was insufficient. On the record before us, we reverse.
The parties were married in 1963 and have two children, born in 1968 and 1971. Only one remains a minor, and he will reach majority in 1989. The husband is a 48-year-old TWA 727 copilot. The wife is a 46-year-old homemaker. The parties met while the husband was a Navy pilot, and although the wife worked as a clerk typist for a year or two after the marriage, she stopped working when they began a family. She has not worked since. Both the wife and husband have two years of college.
During the marriage, the parties accumulated two substantial real property assets. One, the marital home, was custom-built by the parties in 1976 and is appraised at $178,000. The other, a beach duplex, was acquired later and has been appraised several times, with estimates ranging from $175,000 to $215,000. The equity in both is approximately the same, although impossible to specify because of the varying duplex appraisals. Currently, the husband lives in one unit and rents the other.
The husband's salary from 1983 to 1985 ranged between $70,000 and $80,000,[1] but his current salary has been reduced substantially due to his employer's corporate takeover and a resulting 29 percent salary cut in 1986. The record indicates that at the time of the final hearing, the husband's salary was somewhere in the $50,000 range. The wife has no income and argues on appeal that she has monthly expenses totaling $1,835, excluding health and dental insurance. The husband's amended financial affidavit shows a net monthly income of $2,647. Mortgage payments, property taxes, and homeowners insurance for both homes totals $1,575 monthly, after accounting for average monthly rentals for the second unit in the duplex. Since the mortgage, taxes, and insurance on the wife's home total $795 monthly, the wife will be unable to maintain the mortgage once child support ends for the youngest child.
On the record before us, we must agree with the wife that the trial court erred when it awarded her rehabilitative alimony for two years. "The principle purpose of rehabilitative alimony is to establish the capacity for self-support of the receiving spouse, either through the redevelopment of previous skills or provision of the training necessary to develop potential supportive skills." Womble v. Womble, 521 So.2d 149 (Fla. 5th DCA 1988), citing Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). The instant record is devoid of evidence that, following the two-year rehabilitative period, the wife will have any skills or training which will make her self-supporting. The record is similarly bare of any evidence that the wife would be capable of supporting herself in a manner similar to that enjoyed during the marriage. As stated in O'Neal v. O'Neal, 410 So.2d 1369, 1371 (Fla. 5th DCA 1982):
A person is not self-supporting simply because he or she has a job and income. The standard of living must be compared with the standard established during the course of the marriage. A divorced wife is entitled to live in a manner reasonably commensurate with the standard established by the husband during the course of a long-term marriage. [citation deleted]. A court must base an award of alimony to a wife upon the ability of her husband to pay that award and her financial needs in light of the standard of living she enjoyed during the marriage.
See also Wagers v. Wagers, 444 So.2d 520, 523 (Fla. 1st DCA 1984).
*738 Even if the marital home was properly characterized as lump-sum alimony, we do not find that this award satisfies the wife's need for income. Given the above facts, the wife will be unable to keep the real property awarded to her, let alone provide for necessities. On the other hand, the record indicates that the husband may have serious limits on his ability to pay more as long as two mortgages drain his earnings.
Accordingly, the cause is remanded because the instant record does not support awarding rehabilitative alimony in lieu of permanent periodic alimony, and the provision made for the wife is inadequate on the facts. On remand, the court may take such further evidence of the parties' current financial circumstances as is necessary to determine the cause and shall make adequate provision for the wife which is within the ability of the husband to pay. The court may revisit any provisions of the judgment necessary for these purposes.
SMITH, C.J., and BOOTH and NIMMONS, JJ., concur.
NOTES
[1] Disposable income exceeded $100,000 one year because of inheritance, loans, and raids on savings.