JOANOS, Judge,
dissenting.
With due respect, I dissent. The trial court’s distribution of the marital property appears to have been done in an equitable manner. However, under the circumstances of this case, I would reverse the provisions providing for permanent periodic alimony as being insufficient.
This case involves a marriage of nineteen years. There are three minor children. The former husband is a successful attorney with an expectation of continuing annual income in the six-figure range. At the time of the marriage, the former wife had been teaching school for one year. After the marriage, she taught for an additional two years, until the birth of the parties’ first child. At that time her teaching employment was terminated, and since that time she has been a full-time homemaker and mother. The income from the husband’s legal practice has provided a very comfortable life-style for the parties for a number of years.
The trial court divided the marital assets, awarding property to both, and certain cash to the wife. The cash awarded to the wife was part of the balancing to obtain an equitable distribution of the marital assets, but the award was designated “lump sum alimony.” The trial court provided for shared parental responsibility of the children, with the primary physical residence to be with the wife. As child support, the trial court ordered the husband to pay two thousand dollars a month, plus medical insurance. The trial court further provided that the child support would be reduced to one thousand dollars a month when the two oldest children attain the age of eighteen. In addition, the trial court ordered the husband to pay the mortgage payments on the home in which the wife and children will *148 reside for the next forty-eight months. This award was a form of temporary rehabilitative alimony. The only permanent periodic alimony awarded to the wife was four hundred dollars per month.
Under the circumstances of this case, I do not believe that the amount of the permanent periodic alimony is sufficient. As a practical matter, any potential employment available to the former wife appears limited to a return to the teaching profession at virtually entry level. It is readily apparent that—
[a] person is not self-supporting simply because he or she has a job and income. The standard of living must be compared with the standard established during the course of the marriage. A divorced wife is entitled to live in a manner reasonably commensurate with the standard established by the husband during the course of the marriage.
Askegard v. Askegard, 524 So.2d 736, 737 (Fla. 1st DCA 1988); O’Neal v. O’Neal, 410 So.2d 1369, 1371 (Fla. 5th DCA 1982). The standard of living the former wife could maintain by a return to teaching pales in comparison with the former husband’s prospects.
Therefore, I would reverse and remand for a restructuring of the alimony provisions in order to provide a standard of living more appropriate to the circumstances of this case.