PER CURIAM.
A 36-year-old ex-wife appeals from the financial arrangements established by a final judgment of dissolution of marriage. She contends that the trial court erred in awarding her no more than $75.00 per week rehabilitative alimony for one year, in awarding no permanent alimony, in failing to award to her all existing equity in, and exclusive, permanent possession of, the marital home, in failing to award to her lump sum alimony in the form of existing savings and checking account balances, in failing to make an award to her based upon the husband’s pension and retirement benefits and stock and insurance, in failing to require the husband to pay off the indebtedness on her car, and in awarding no more than $75.00 per week child support. We affirm in part and reverse in part.
With respect to her various contentions other than those concerning child support, we affirm, see Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980), except that we reverse the award of $75.00 per week rehabilitative alimony. We direct that upon remand that award be converted to permanent periodic alimony. The record does not indicate a basis for an award for rehabilitation but does indicate a need for permanent, periodic alimony to maintain the standard of living enjoyed during the 16-year marriage with the husband whose income is approximately $40,000 per year. See Womble v. Womble, 521 So.2d 149 (Fla. 5th DCA), rev. den., 528 So.2d 1184 (Fla. 1988).
With respect to the child support, we conclude that the award is clearly inadequate, see section 61.30, Florida Statutes (1987), but take cognizance of the husband’s argument that the requirement of the final judgment that he make the mortgage payments on the marital home inhibits his ability to pay more child support. In light of other requirements of the final judgment that the wife, to whom primary custody of the child has been awarded, shall be permitted to live in the marital home for six months and that the home shall be placed on the market and sold, we direct that when the home is sold and therefore the wife and child may no longer live in it and the husband is no longer obligated to make mortgage payments, the *1023 trial court shall redetermine the amount of child support. If the home is not sold within six months and child support has therefore not been redetermined to provide an amount sufficient under the then existing circumstances for housing for the child, the trial court shall entertain a motion to extend the time during which the wife and child may live in the home.
Affirmed in part, reversed in part, and remanded for proceedings consistent herewith.
SCHOONOVER, A.C.J., and LEHAN and PATTERSON, JJ., concur.