549 So.2d 1035 (1989)
Valerie KANOUSE, Appellant,
v.
Keith J. KANOUSE, Sr., Appellee.
No. 87-2071.
District Court of Appeal of Florida, Fourth District.
July 26, 1989.
Rehearings Denied November 3, 1989.
Jane Kreusler-Walsh and Larry Klein of Klein, Beranek & Walsh, P.A., West Palm Beach, for appellant.
Law Offices of Slawson, Burman & Critton, North Palm Beach, and Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, for appellee.
POLEN, Judge.
This is an appeal by the former wife from a final judgment of dissolution in which the trial court set aside a reconciliation property settlement agreement. The trial court ordered partitioning of the marital home and awarded the former wife a share of the marital assets, child support and temporary rehabilitative alimony of $1500 a month for five years. We affirm in part and reverse in part.
We affirm the trial court's decision to set aside the property settlement agreement. The fact that a party makes a bad bargain is insufficient grounds by itself to *1036 vacate an agreement. However, given the specific facts of the case, the trial court did not abuse its discretion in finding sufficient overreaching on the part of the wife to overturn the agreement. Casto v. Casto, 508 So.2d 330 (Fla. 1987). Such a finding of fact by the trial court should not be disturbed on appeal.
It is well settled that in marriage dissolution proceedings, the trial court must ensure that neither spouse passes automatically from misfortune to prosperity or from prosperity to misfortune. Neither spouse should be shortchanged. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). We feel, in viewing the totality of the circumstances, the former wife was shortchanged by the insufficient award of alimony and the partitioning of the marital home.
The wife, a licensed attorney, unemployed by choice at time of trial, but sporadically employed in the legal field during the marriage and capable of eventually earning a substantial salary, contests the awarding of rehabilitative alimony in lieu of permanent alimony. In determining whether to award permanent or rehabilitative alimony, the trial court is involved in balancing a number of legitimate concerns. The superior earning ability of the former husband is not necessarily the controlling factor. Kuvin v. Kuvin, 442 So.2d 203 (Fla. 1983). The former husband's desire for the support obligation to be temporary must be balanced against the former wife's lost opportunities and ability to become self-supporting. Geddes v. Geddes, 530 So.2d 1011 (Fla. 4th DCA 1988).
"The principal purpose of rehabilitative alimony is to establish the capacity for self-support of the receiving spouse, either through the redevelopment of previous skills or provision of the training necessary to develop potential supportive skills. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980)." Womble v. Womble, 521 So.2d 149, 150 (Fla. 5th DCA 1988).
However, as stated in O'Neal:
A person is not self-supporting simply because he or she has a job and income. The standard of living must be compared with the standard established during the course of the marriage. A divorced wife is entitled to live in a manner reasonably commensurate with the standard established by the husband during the course of a long-term marriage. Nicolay v. Nicolay, 387 So.2d 500 (Fla. 2d DCA 1980). A court must base an award of alimony to a wife upon the ability of her husband to pay that award and her financial needs in light of the standard of living she enjoyed during the marriage.
O'Neal v. O'Neal, 410 So.2d 1369, 1371 (Fla. 5th DCA 1982); Askegard v. Askegard, 524 So.2d 736, 737 (Fla. 1st DCA 1988); Womble, 521 So.2d at 150.
In the instant case the trial court seems to have overlooked this consideration. The former wife permitted her husband's career and the raising of the minor children to take priority over her own career goals during the fourteen-year marriage. Now, she must reestablish herself in the market place. While she is fully capable of so doing, it will take time and money. She should be more adequately compensated for lost career opportunities and the transfer of earning power to her husband during the marriage. Quinn v. Quinn, 536 So.2d 1184 (Fla. 4th DCA 1989).
This is not to suggest that she must be awarded permanent periodic alimony rather than rehabilitative alimony. See Miller, "A Matter of Self-Sufficiency," The Family Law Commentator, July, 1986. Here the record does not contain sufficient evidence that the former wife, given the amount and five year term of the rehabilitative alimony, would be capable of supporting herself and her children in a manner similar to that enjoyed during the marriage. It appears from the record that she will need more time and money to develop her law practice and to maximize her capacity for self-support. Until the former wife has established herself there is no justified expectation of a substantial increase in income. The husband, earning in excess of $150,000 per year as a partner in a large law firm, has the ability to pay a greater amount of alimony than the $1500 per month allotted *1037 by the trial court. The award is inadequate, absent any other support provisions, to enable her to bridge the gap between her present earning capacity and the time at which she will be able to develop her law practice and to maximize her capacity for self-support.
The former wife also contends the trial court erred in failing to award her exclusive possession of the marital residence until the minor children reach the age of majority. The court ordered the partitioning of the home, apparently in an attempt to achieve an equitable distribution of the main marital asset, the home.
Cases dealing with the question of whether the custodial parent should be awarded the exclusive use and possession of the marital home until the minor children reach majority or become emancipated or the former wife remarries have, in the absence of compelling financial reasons, so frequently answered the question affirmatively that the award has become a generally accepted principle. Zeller v. Zeller, 396 So.2d 1177 (Fla. 4th DCA 1981). See also Neustein v. Neustein, 503 So.2d 439 (Fla. 4th DCA 1987); Cabrera v. Cabrera, 484 So.2d 1338 (Fla. 3d DCA 1986). We see no basis for the trial court's exception in this case.
We note that pursuant to the trial court's order, the marital home was sold and the former wife awarded $17,000 from the proceeds. In consideration of the trial court's error in partitioning the home, on remand, the trial court should award the former wife a larger portion of the proceeds from the sale of the home to reimburse her for relocation expenses and to enable her to provide a reasonable home for herself and her children.
Accordingly, we affirm the dissolution of marriage but reverse and remand that portion of the judgment dealing with the support award and property distribution for reconsideration because the record reflects the provisions made for the former wife are inadequate on the facts. On remand, the court may take such further evidence of the parties' current financial circumstances as is necessary to determine the cause and shall make adequate provisions for the wife which are within the ability of the husband to pay. The court may revisit any provisions of the judgment necessary for these purposes other than the provisions for child support which we find adequate.
GARRETT, J., and ESQUIROZ, MARGARITA, Associate Judge, concur.