PER CURIAM.
Alan Herman appeals an order modifying the amended final judgment in a dissolution of marriage proceeding. For the following reason, we reverse and remand.
Alan Herman [husband] and Marilyn Herman [wife] were divorced in 1989 following a thirty-three-year marriage. The amended final judgment of dissolution awarded the wife’s interest in the husband’s civil service retirement annuity to the husband. The wife filed two motions for rehearing, both of which were denied. Subsequently, the wife appeared before the trial court ex parte and moved to modify that portion of the amended final judgment awarding the husband all of his retirement annuity benefits. Neither the husband nor his attorney was present at the “hearing” on the wife’s ore tenus motion for modification. At the hearing on March 1, 1990, the wife argued that she was entitled to modification of the final judgment because the husband was about to retire and civil service law precludes former spouses from receiving retirement benefits unless a court awards those benefits to the former spouse before retirement. After a telephone hearing with counsel for both sides, the trial court granted the wife’s motion and entered an order awarding her fifty percent of the husband’s retirement benefits.
The trial court erred in entertaining the wife’s ore tenus motion for modification. Fundamental concepts of due process require a party seeking modification of a prior court order to file a written pleading and provide appropriate notice to all parties concerned. Barreiro v. Barreiro, 377 So.2d 999 (Fla. 3d DCA 1979). See *836 Cortina v. Cortina, 98 So.2d 334 (Fla.1957) (error to modify support decree unless issue of modification presented by pleadings); Layne v. Layne, 478 So.2d 453 (Fla. 3d DCA 1985) (same). In this case, the wife filed no pleading. Her “Notice of Hearing [ — ] Special Setting” filed on February 26,1990, was not sufficient to inform the husband of her intent to seek modification. See Bell v. Department of Health & Rehabilitative Servs., 487 So.2d 1198 (Fla. 5th DCA 1986) (where only notice of modification hearing was that hearing would be held on order of continuance, trial court abridged father’s due process rights by ruling on issue of modification).
We recognize that the wife may have a colorable claim regarding the imminency of the husband’s retirement and the effect this may have on her right to share in his retirement benefits. Accordingly, we reverse and remand without prejudice for Mrs. Herman to file a proper petition for modification.[1]
Reversed and remanded.

. Because we reverse on the ground that proper pleadings were not filed, we do not reach the remaining points on appeal.