567 So.2d 916 (1990)
Rebecca A. ZIPPERER, Appellant,
v.
William Ray ZIPPERER, Appellee.
No. 89-2174.
District Court of Appeal of Florida, First District.
September 4, 1990.
Rehearing Denied November 1, 1990.
Harry B. Mahon, of Mahon, Farley & McCaulie, P.A., Jacksonville, for appellant.
Albert Datz, of Datz, Jacobson & Lembcke, Jacksonville, for appellee.
MINER, Judge.
In this appeal, appellant, Rebecca Zipperer (former wife), urges that the trial court erred in denying her petition for modification of a final judgment of divorce based upon a finding that no substantial change in circumstances had occurred since the entry of the final judgment. We agree with appellant and reverse.
*917 The twenty-five year marriage between appellant and her former husband, William Zipperer, ended in divorce in 1985. From the final judgment entered in the divorce proceeding, the former wife appealed the permanent alimony award and the failure of the trial judge to award her any interest in her former husband's vested military pension. This court affirmed the alimony provision but remanded the case because the trial court did not indicate whether it considered the former husband's vested pension when it distributed the marital property. See, Zipperer v. Zipperer, 508 So.2d 551 (Fla. 1st DCA 1987).
Following the distribution of marital property, both parties had approximately $95,000 in assets. Mr. Zipperer, fifty-six years of age, is a former Navy captain and base commander who at the time of the filing of the instant petition worked as a self-employed family financial planner. He has a net worth of $167,000, part of which he gained through inheritance. The former wife, now fifty, remained at home during the marriage at her husband's preference to raise the parties two adopted children. At the time of filing her petition for modification her assets were valued at $350,000, $275,000 of which amount was represented by the value of real property quitclaimed to her by her father. Since the divorce, the former wife has attempted to supplement her alimony income by working as a real estate sales person, a retail sales person and a receptionist. She is currently working as a self-employed seamstress.
In 1985, the former husband received $3,000 per month in pension income. This amount increased to $3,120 per month in 1988. His affidavits filed below do not disclose business, interest or dividend income. His 1985 affidavit represented that he netted $2,610 per month and spent $3,756 per month. His income tax returns for 1985, 1986 and 1987 indicate he grossed $67,445, $34,043 and $51,402 for those years, respectively. In 1986, the former husband used a portion of his inheritance for a downpayment on a home; $11,000 went to living expenses and $27,000 went into mutual funds. His 1988 affidavit reflected an income of $2,770 per month, and monthly expenses of $3,910. It anticipated a $870 per month new home mortgage obligation, payment of a $9,100 balance on a $19,000 van, and repayment of $12,500 in personal loans. While he liquidated $12,000 from his mutual funds to assist in the payment of these obligations and also loaned an associate $12,000, the value of his mutual fund portfolio increased from $117,000 to $123,500.
In her affidavit, the former wife set forth all her income from all sources. She testified that although she receives $1,050 in alimony monthly, she has depleted approximately $45,000 from savings to meet expenses and attorney's fees. Rent, utilities, auto payment, insurance, taxes and food consume all but $100 of her monthly alimony income.
The husband maintains on appeal that interest, dividend and business income should not be attributed to him because he only reports it for tax purposes and, were he to receive it, he would actually suffer a loss. We disagree. Chapter 61 clearly designates "income" as:
... any form of payment to an individual, regardless of source, including, but not limited to: wages, salary, commissions and bonuses, compensation, disability benefits, annuity and retirement benefits, pensions, dividends, interest, royalties, trusts, and any other payments, made by any other person, private entity, federal or state government, or any unit of local government... . (Emphasis added).
Section 61.046(4), Florida Statutes. We observe also that his 1988 affidavit fails to report any loss resulting from liquidation of his mutual funds.
On appeal, the former wife argues that she should not be forced to dissipate her assets in order to attempt to maintain even some semblence of the manner of living to which she became accustomed during her quarter century marriage. She asserts that because her former husband's income has increased substantially while his fixed monthly expenses have decreased, and because she has unsuccessfully sought *918 gainful employment, the court abused its discretion by denying her petition for modification.
Perhaps there is nothing as well settled in the law of domestic litigation than that in awarding permanent periodic alimony there are two primary considerations: (1) the needs of one spouse and (2) the ability of the other to provide the necessary funds to meet those needs. Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla. 1980). Once instituted, permanent periodic alimony is subject to modification when there is a substantial change in circumstances. The test for substantial change in circumstances warranting modification is a showing that the change is substantial, material, involuntary and permanent in nature. DePoorter v. DePoorter, 509 So.2d 1141, 1145 (Fla. 1st DCA 1987). If reasonable persons could differ as to the propriety of the court's action, then the action is not unreasonable and there is no abuse of discretion. Canakaris, 382 So.2d at 1203.
In a petition for modification, need is the touchstone of the determination. See Irwin v. Irwin, 539 So.2d 1177 (Fla. 5th DCA 1989). Once that need is established, the inquiry turns to whether or not the former husband has the ability to meet that increased need. In the case at hand, when we compare the wife's needs and the husband's ability to pay in 1985 with the need and ability to pay in 1988, it is obvious that there has been a substantial change in circumstances. The former wife's needs have substantially increased despite the fact that she has attempted to supplement her income. Her standard of living is well below that which she enjoyed during marriage and yet she continues to deplete her assets in order to make ends meet. Standing alone, a lowered standard of living may not be enough to warrant modification. However, here the husband enjoys an enhanced standard of living with a corresponding increase in income and mutual funds. Indeed, competent, substantial evidence supports the former wife's need at the same time it undermines the husband's claimed monthly deficit and inability to pay.
In sum, it seems unreasonable to us to conclude that no substantial change in circumstances has occurred. The former wife is unable to live in a manner even nearly approximating that which she enjoyed during marriage on $1,050 monthly permanent alimony despite good faith efforts to supplement her income. Yet, the former husband now spends upwards of $1,200 per month beyond his reported monthly income. We find that reasonable persons could not differ as to the appropriateness of the trial court's action and thus we conclude that the trial court erred in denying the former wife's petition for modification of final judgment.
REVERSED and REMANDED for reconsideration consistent with this opinion.
ERVIN and WENTWORTH, JJ., concur.