575 So.2d 1342 (1991)
Nancy GHEN, Appellant,
v.
Mitchell J. GHEN, Appellee.
No. 88-2630.
District Court of Appeal of Florida, Fourth District.
February 27, 1991.
Rehearing Denied April 4, 1991.
*1343 Lewis Kapner of Law offices of Lewis Kapner and Edna L. Caruso, P.A., West Palm Beach, for appellant.
Barbara J. Compiani and Jane Kreusler-Walsh of Klein & Walsh, P.A., and Ronald Sales, West Palm Beach, for appellee.
WARNER, Judge.
This is an appeal from a final judgment of dissolution. The wife contends on appeal that the trial court erred in valuing the husband's medical practice for purposes of equitable distribution; erred in reducing both the husband's assets and income as a result of a Medicare liability problem, constituting "double dipping," which resulted in alimony and child support awards which were unreasonably low; and erred in the amount and kind of alimony awarded. We reverse.
The crux of many of the issues in this appeal lies with the evidence presented with regard to the husband's medical practice. Because of medicare overpayments, the husband was obligated to repay Medicare between $60,000 and $120,000 over twelve months. His CPA expert valued his medical practice at $170,699 which figure did not include good will because of the Medicare liability problem. Without the Medicare problem, the practice would be worth substantially more. Unfortunately, in the final judgment the trial court erroneously recited that the husband's expert had set the $170,699 value before she became aware of the medicare problem. And in setting forth the values of the marital assets for equitable distribution purposes, the trial court used the $170,699 figure. The trial court misstated the evidence which resulted in the failure to include goodwill in the valuation of the practice. The Supreme Court has recently held that goodwill may be a marital asset which a court should consider in equitable distribution. Thompson v. Thompson, 576 So.2d 267 (Fla. 1991). As the Supreme Court noted, the determination of the existence and value of goodwill must be made by the trial court. We therefore reverse for that purpose and to reconsider the equitable distribution in light thereof.
In figuring the marital asset picture, the trial court both included the value of the medical practice as an asset and included the $112,000 obligation to Medicare as a liability, thus reducing the net assets for distribution. That is acceptable in this case because the C.P.A. did not consider the liability in valuing the business. However, in figuring the husband's income for purposes of establishing child support the trial court also took into account the monthly amount that the husband was paying to Medicare. The wife claims this is the sort of "double dipping" prohibited in Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986). In that case the supreme court in considering retirement pensions noted that "injustice would result if the trial court were to consider the same asset in calculating both property distribution *1344 and support obligations." Diffenderfer at 267. We think the same holds true with respect to consideration of a substantial liability of this nature, namely one like this which is to be paid off in large amounts over a relatively short period of time. Here, the court equally divided the marital net assets, but that included the Medicare obligation. Thus, because of it the wife's share of the assets decreased by $60,000. At the same time the trial court determined that the husband's income was being reduced by almost one-half from $13,000 to $7,000 as a result of monthly payments on the liability which would continue only for about a year. Based on this figure the trial court awarded rehabilitative alimony of $1,500 and child support of $1,200 per month, which was on this record insufficient in light of what the trial court termed a "generous and luxurious life-style" which the parties maintained during the marriage. We therefore also reverse based on Diffenderfer and remand for reconsideration of the equitable distribution and the alimony and child support awards and direct that the trial court take into consideration the medicare liability either as a reduction of assets for distribution or as a reduction of income but not both.
Finally, the wife challenged the award of rehabilitative alimony. She claims that she either should have received permanent alimony or rehabilitative alimony in a greater amount. This was an 11 1/2 year marriage where one child was born. At the time of the final hearing, the child was nearly 7. The wife has a high school diploma. The wife gave up further education to work while her husband finished medical school. She also helped him in his office to establish his practice. According to the trial court the wife is capable of making $20,000. While the wife disputes that figure, we will not overturn the trial court's finding in that respect. However, there was no finding that she could be rehabilitated to any vocation where she could make any greater amount than $20,000 which would be patently insufficient to support her in even a semblance of the marital life-style, given the husband's net income of at least $150,000 and her financial affidavit showing a need of $6,000 per month to maintain herself and her child. The trial court placed great emphasis on the wife's youth in denying permanent alimony. That may be a justification for denying permanent periodic alimony in this case if through rehabilitation the wife can establish a standard of living reasonably commensurate with the standard set throughout the marriage. However, this record does not show that to be the case. See O'Neal v. O'Neal, 410 So.2d 1369 (Fla. 5th DCA 1982).
We have recently considered a similar case in Kanouse v. Kanouse, 549 So.2d 1035 (Fla. 4th DCA 1989). There, we held that an award of $1,500 per month of rehabilitative alimony for five years was inadequate where the husband made $150,000 per year, and the wife had a substantial capacity for self support in the future which would require time to develop. Kanouse listed several factors to be considered in determining rehabilitative or permanent alimony, including: (1) earning ability of paying spouse; (2) capacity for selfsupport, either through redevelopment of skills or new training; (3) whether or not the spouse can support herself after rehabilitation in a manner reasonably commensurate with the standard enjoyed during the marriage, if it is a relatively long term marriage; (4) whether the spouse is being compensated for lost career opportunities and the transfer of earning power to the supporting spouse during the marriage. This is not an exhaustive list, but it does not appear that the trial court in this case considered all of these factors. In Kanouse we noted that the record did not contain sufficient evidence that the wife would be capable of supporting herself in a manner reasonably similar to the marital life-style during the time period of rehabilitation given the amount of alimony awarded. Likewise, here the record shows only that an award of $1,500 together with child *1345 support can not cover even half of her expenses, while the husband's income is nearly ten times greater and increasing at a rate of 19% per year. The wife has expressed the desire to continue her education and increase her ability to support herself, but as in Kanouse the award of rehabilitative alimony in this case is inadequate to offer her sufficient support during the rehabilitative period in light of the standard of living set during the marriage. Furthermore there is no evidence of her prospects for support at the end of the rehabilitative period.
Therefore, we affirm the dissolution of marriage but reverse and remand for the court to reconsider the equitable distribution awards and alimony and child support awards in light of this opinion. On remand, the trial court should determine the value, if any of goodwill, and include the medicare liability either in the consideration of marital assets or in computing the husband's income for purposes of child support and alimony, but not both. Further, the trial court should reconsider the issues of permanent or rehabilitative alimony and the amount thereof in light of all of the factors enunciated in Kanouse.
Affirmed in part; reversed in part and remanded.
POLEN, J., and SHAHOOD, GEORGE, Associate Judge, concur.