ALLEN, Judge.
The former husband, Oren W. Paulsen, Jr., appeals orders of the trial court modifying his alimony obligation and directing him to pay the attorney’s fee and taxable costs incurred by the appellee former wife in seeking the modification. We affirm in part, reverse in part and remand for further proceedings.
The parties’ twenty-year marriage was dissolved on October 16, 1985 when the appellant was 46 years old and the appellee was 42 years old. Because the parties had reached an agreement concerning division of their property and debts, child custody, and child support, the only issue which remained for the trial court’s consideration at the final hearing was the amount, form and duration of periodic alimony. At the time of the final hearing, the appellant was earning gross income of $3,312 per month as a district manager for Florida Power Corporation. The appellee, a high school graduate with a few college courses to her credit, was unemployed. She had worked in various clerical positions prior to the marriage and until the birth of the parties’ only child in 1974. During that time, she never earned more than $340 per month. She testified that she realized she would have to seek employment after the divorce and she expressed a desire for word processing training.
The final judgment directed that the ap-pellee was to receive $650 per month from October 1,1985 through September 1,1987, $450 per month from October 1, 1987 through September 1, 1990, and $250 per month from October 1, 1990 through September 1, 1995. Neither party appealed the final judgment.
In July of 1990, as the $450 per month alimony payments were about to end, the appellee moved to modify the final judgment, alleging that she had been unable, despite her earnings, to attain a standard of living commensurate with the marital standard. She claimed that her greater need for support and the appellant’s greater ability to pay were substantial changes in the circumstances existing at the time of the final judgment. In her post-hearing memorandum, the appellee specifically sought a continuation of the $450 per month alimony payments and she urged the court to make the award permanent. The appellant filed a counter-petition for modification of the final judgment requesting, inter alia, a decrease or a cessation of his alimony obligation.
At the modification hearing in December of 1990, the appellee reported that she is currently working as an office manager at a state university’s radio station and earning a net salary of approximately $1,180 per month. She testified that despite her salary, a modest income from a mortgage she received in the property settlement, and the appellant’s alimony and child support payments, she had been forced to spend more than half of her lump sum alimony award on living expenses. She related, in detail, the differences between her current standard of living and that enjoyed by the parties during the marriage. The appellant, still a district manager for Florida Power Corporation, testified that since 1985, his net pay had increased by only $1,413. Copies of his tax returns reveal, however, that the appellant earned annual wages of $43,832 in 1985 and $48,-882 in 1989. His gross salary at the time of the hearing was approximately $4,000 per month.
The trial court found that the appellee’s expenses have increased substantially since 1985, primarily because of her employment, and that she is unable to maintain a standard of living comparable to that enjoyed during the marriage without assistance from the appellant. After setting out detailed findings about the appellant’s increased earnings and savings since the dissolution, the court granted the appellee’s petition for modification and denied the appellant’s counter petition. Specifically, the court modified the final judgment to require the appellant to pay the appellee permanent alimony of $450 per month commencing on October 1, 1990. In a subsequent order, the appellant was directed to pay the appellee’s attorney’s fee and taxable costs, totaling $5,076.75.
*1319 The appellant complains that the trial court erred in modifying the final judgment because the appellee demonstrated no substantial, unanticipated change in the circumstances extant at the time of the final hearing. According to the appellant, the appellee’s gainful employment and his increased earnings were anticipated by the judge who presided over the final hearing and set up the rehabilitative alimony scheme in the final judgment. The appellant characterizes the appellee’s petition for modification as a belated, but prohibited, appeal of the final judgment.
Although the judge who entered the final judgment never characterized the appellant’s diminishing alimony payments as rehabilitative in nature, the structure of the scheme employed by the judge and the appellant’s post-hearing memorandum urging that scheme reveal that the alimony award was intended to facilitate the appel-lee’s efforts to become self-supporting. As explained in Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla.1980), “The principal purpose of rehabilitative alimony is to establish the capacity for self-support of the receiving spouse, either through the redevelopment of previous skills or provision of the training necessary to develop potential supportive skills.” Self-support, in this context, means more than obtaining a job and an income, for “[a] divorced wife is entitled to live in a manner reasonably commensurate with the standard established by the husband during the course of a long-term marriage.” Askegard v. Askegard, 524 So.2d 736, 737 (Fla. 1st DCA), rev. denied, 536 So.2d 243 (Fla.1988), citing O’Neal v. O’Neal, 410 So.2d 1369, 1371 (Fla. 5th DCA 1982).
Generally, alimony awards are subject to modification only when there is a substantial change of circumstances, defined as a change which is material, involuntary, permanent and unanticipated at entry of the final judgment. Zipperer v. Zipperer, 567 So.2d 916, 918 (Fla. 1st DCA 1990), rev. denied, 581 So.2d 1312 (Fla.1991); Penland v. Penland, 442 So.2d 1054, 1055 (Fla. 1st DCA 1983); Cowie v. Cowie, 564 So.2d 533, 535 n. 2 (Fla. 2d DCA 1990). A significant increase in a former wife’s needs since the dissolution will support an award of increased alimony. Zipperer, 567 So.2d at 918. Such an award may also be justified, in some cases, by a substantial rise in the financial ability of the paying spouse. Bedell v. Bedell, 583 So.2d 1005, 1007 (Fla.1991). In this case, however, we need not determine whether the trial court abused its discretion in characterizing the increase in the appellee’s needs as substantial, nor need we decide whether the appellant’s increased income was sufficient, under Bedell, to warrant the modification. Where, as here, the trial court has fashioned a complicated and lengthy rehabilitative plan fitted to the peculiar needs of the parties, the court is entitled to monitor the progress of that plan and make necessary adjustments to it whenever a party is able to show a material discrepancy between the rehabilitative progress the court anticipated and the degree of rehabilitation actually achieved by the recipient spouse. Naturally, the trial court enjoys much discretion in its monitoring and adjusting of rehabilitative plans and we will find an abuse of that discretion only where no reasonable person would take the view adopted by the court. Cana-karis, 382 So.2d at 1203.
Applying these rules to the instant case, we conclude that the appellee made a showing sufficient to permit the trial court to continue the appellant’s $450 per month alimony payments beyond the deadline originally imposed in the plan. While the appellee has made considerable progress toward supporting herself in a manner commensurate with the marital standard, she is yet a long way from that goal and has had to deplete her assets in order to make ends meet. In sum, the court reasonably concluded that the appel-lee, despite diligent effort, has not yet achieved the rehabilitative progress originally hoped for at the time of the dissolution and thus she needs additional help from the appellant toward reaching that goal. We are, however, unable to take a similar view of the court’s decision to convert the $450 per month rehabilitative alimony into permanent alimony. Given the *1320 appellee’s significant rehabilitative progress and the fact that the original ten-year rehabilitative plan is only half completed, we believe the court abused its discretion in abandoning the largely successful rehabilitative plan. No reasonable person could, at this juncture, conclude that there is no prospect that the appellee will be self-supporting by 1995. For this reason, we distinguish Hamilton v. Hamilton, 508 So.2d 760, 762 (Fla. 1st DCA 1987); Mann v. Mann, 555 So.2d 1293, 1294 (Fla. 3d DCA 1990), and the other cases referenced by the appellee in support of the court’s decision.
Accordingly, we affirm the trial court’s order directing the appellant to pay the appellee $450 per month in alimony as of October 1, 1990. We reverse that portion of the order making the alimony award permanent and remand the case for entry of an order continuing the payments at the $450 per month rate until the end of the original rehabilitative period. Finding no abuse of discretion in the court’s requirement that the appellant pay the appellee’s attorney’s fee and costs associated with the modification, we affirm that order.
ZEHMER and BARFIELD, JJ., concur.