LEHAN, Chief Judge.
In this dissolution of marriage case we find no abuse of discretion in the award to the ex-wife of $3,000 per month rehabilitative alimony for four years. The award was for her support to permit her to establish as the source of her support her business which she began during the marriage and for which she is qualified by education and training. During the seven year marriage in this case the wife had, as had the wife in Kanouse v. Kanouse, 549 So.2d 1035, 1036 (Fla. 4th DCA 1989), “permitted her husband’s career ... to take priority over her own career goals ... [and] [n]ow must reestablish herself in the market place ... [which] will take time and money.” See also Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla.1980) (“The principal purpose of rehabilitative alimony is to establish the capacity for self-support of the receiving spouse, either through the redevelopment of previous skills or provision of the training necessary to develop potential supportive skills.”) (emphasis added).
We do not agree with the husband’s argument to the effect that there was an abuse of discretion in the amount of the rehabilitative alimony awarded relative to the husband’s ability to pay. Nor do we agree with his argument that the trial court erred in assigning all of the marital debt to the husband.
Our affirmance is without prejudice to any future motion to modify or terminate the amount of rehabilitative alimony if and when there is a substantial change in circumstances, such as the wife’s business becoming sufficiently, or substantially further, established sooner than anticipated or her good faith efforts in that regard having ceased. See Paulsen v. Paulsen, 603 So.2d 1317, 1319, (Fla. 1st DCA 1992).
Affirmed.
PARKER and ALTENBERND, JJ., concur.