657 So.2d 41 (1995)
Janet Marie SOHACKI, Wife/Appellant,
v.
Thomas John SOHACKI, Husband/Appellee.
No. 94-2630.
District Court of Appeal of Florida, First District.
June 27, 1995.
*42 Ned I. Price of Lewis, Price & Leitman, P.A., Jacksonville, for appellant.
Donald E. Brown and Nancy Nowlis of Zisser, Robison, Brown & Nowlis, P.A., Jacksonville, for appellee.
PER CURIAM.
This cause is before us on Janet Sohacki's ("Mother") appeal from an order denying her petition to increase Thomas Sohacki's ("Father") child support obligation, as well as her request for attorney's fees. We reverse and remand for reconsideration of these issues, as the trial court apparently felt bound to accept Father's undisputed testimony that he received only approximately $45,000 in salary and distributions from his Subchapter S corporation, although the corporation generated approximately $100,000, which Father claimed and paid taxes on on his personal tax return. See Zipperer v. Zipperer, 567 So.2d 916, 917 (Fla. 1st DCA 1990) (determining in alimony modification proceeding that interest, dividend, and business income was properly attributed to husband as "income" under chapter 61, despite his claim that the income was only reported for tax purposes and not actually received), rev. denied, 581 So.2d 1312 (Fla. 1991).
Moreover, we reverse outright that portion of the order decreasing Father's child support obligation, insofar as Father never petitioned for such a decrease, and all proceedings below revolved around Mother's petition for an increase in Father's child support obligation. Freeman v. Freeman, 447 So.2d 963, 964 (Fla. 1st DCA 1984) (holding that an award of relief not sought by the pleadings is error; court's jurisdiction can be exercised only within the scope of the pleadings); Herman v. Herman, 565 So.2d 835 (Fla. 3d DCA 1990) (holding that "[f]undamental concepts of due process require a party seeking modification of a prior court order to file a written pleading and provide appropriate notice to all parties concerned").
REVERSED AND REMANDED FOR RECONSIDERATION.
BOOTH and JOANOS, JJ., concur.
WOLF, J., concurs in result only.