664 So.2d 1145 (1995)
Martha STEWART, f/k/a Martha S. Rich, Former Wife, Appellant,
v.
James R. RICH, Former Husband, Appellee.
No. 94-2149.
District Court of Appeal of Florida, Fourth District.
December 20, 1995.
*1146 Alison M. Steele and Thomas H. McGowan of Rahdert & Anderson, P.A., St. Petersburg, for appellant.
Peggy Rowe-Linn of Peggy Rowe-Linn, P.A., West Palm Beach, for appellee.
PARIENTE, Judge.
The former wife appeals a modification of a permanent alimony award reducing the amount of her monthly payments. We affirm the trial court's determination that there was an unanticipated and substantial change of circumstances as a result of the former wife earning a law degree and becoming a member of the Florida Bar. However, we reverse for further proceedings because the trial court prematurely imputed $2,000 a month income to the former wife without providing a reasonable period of time to allow the former wife to become partially self-supporting prior to the implementation of the modification.
The parties were married in July 1976 and their eleven-year marriage was dissolved in 1988. At the time of the final hearing, the former wife was forty-one. During the marriage, the former husband obtained his law degree and has practiced law in Palm Beach County, Florida since 1977. The former wife, who has always suffered from asthma, did not work during the marriage. The couple had no children. Throughout the course of the marriage, the former wife attended college courses, having enrolled in Florida Atlantic University off and on between 1972 and 1988. However, she never attained a college degree during the marriage. In fact, the former wife's academic career until the dissolution of the marriage was characterized by frequent withdrawals from her classes. While attending FAU the former wife withdrew from classes approximately 35% of the time.
The final judgment of dissolution approved and incorporated the parties' voluntarily-executed Property Settlement Agreement. As to the issue of alimony, the agreement provided that the former husband should pay to *1147 the former wife "as permanent alimony one-half of his income as it is received by him, until the Wife remarries or dies."
The former husband's petition for modification emanated from the fact that, subsequent to the divorce, the former wife not only completed her college education, but also completed law school on an accelerated basis and passed the Florida Bar. The former husband maintained that based upon the former wife's past academic record and pattern during the marriage, it was beyond the parties' contemplation at the time they entered into the separation agreement that the former wife would complete college, attend and graduate from law school and become licensed to practice law. As support for his contention that the former wife is now able to be employed and self-supporting despite her health problems, the former husband pointed out that the former wife had attended the Stetson University School of Law on an accelerated full-time, year-round basis. She did not withdraw from any class in her entire three-year law school career. While at Stetson, she earned admission to law review and served as a teaching fellow for a research and writing class.
The former wife contends that the former husband knew of her desire to attend law school as this had been discussed during the marriage, a fact disputed by the former husband. She presented testimony that her medical expenses have increased since the divorce and that her health has deteriorated with her day-to-day health being uncertain. She testified to being bedridden at times. Her treating physician testified at trial as to the severity of her condition and explained that asthma sufferers, with conditions similar to that of the former wife, have difficulty holding jobs and that stress, anxiety and deadlines precipitate asthma attacks. He agreed, however, that she could sit at a desk and use a computer. On cross-examination he further admitted that he was unaware of the former wife's graduation from law school in an accelerated program, participation on law review, and part-time employment as a research assistant and noted these accomplishments with surprise.
The former husband presented no medical evidence to contradict the former wife's contentions, but showed numerous inconsistencies as to the reasons the former wife had attended law school and the extent to which her asthmatic condition would prevent her from obtaining suitable employment as a lawyer. The former husband also presented the testimony of Jane Kreusler-Walsh, an appellate attorney practicing in Palm Beach County, who testified as to the former wife's employment options. She noted that an attorney with the former wife's education and health condition could be employed as research assistant, working as an independent contractor, and could earn between $25-$150 per hour working part-time from her home.
Following the hearing, the trial court found that this additional education, including the license to practice law, constituted a "substantial and material change in circumstances, to-wit; the Former Wife's ability to earn an income and was not contemplated at the time the Property Settlement Agreement was entered."
As succinctly stated in Pimm v. Pimm, 601 So.2d 534, 535 (Fla. 1992), in order to modify an alimony award, the movant, in this case, the former husband, is required to show three prerequisites:
First, there must be a substantial change in circumstances. Chastain v. Chastain, 73 So.2d 66 (Fla. 1954); § 61.14(1), Fla. Stat. (Supp. 1988). Second, the change was not contemplated at the time of final judgment of dissolution. Withers v. Withers, 390 So.2d 453 (Fla. 2d DCA 1980), review denied, 399 So.2d 1147 (Fla. 1981). Third, the change is sufficient, material, involuntary, and permanent in nature. Servies v. Servies, 524 So.2d 678 (Fla. 1st DCA 1988).
Under the circumstances of this case, we find no error in the trial court's determination from the evidence that there was an unforeseeable and substantial change of circumstances not contemplated at the time of the dissolution. The trial court, as trier of fact, resolved inconsistencies in testimony concerning both the intent of the parties and the effect of the former wife's health on her ability to become partially self-supporting as a lawyer. There was substantial competent *1148 evidence on which to base the finding that the attainment of this professional education and degree was not within the normal and natural sequence of events, especially given the former wife's prior pattern of failing to complete many college courses throughout the marriage. Moreover, the former wife's attainment of a law degree in this case constituted a material and permanent change from circumstances existing at the time of the divorce.
The trial court did not terminate alimony, but instead decided to modify alimony by imputing $2,000 a month income to the former wife. Under the modification scheme, the trial court determined that the former wife should retain a threshold right to receive permanent alimony of $24,000 a year. Beyond that, the former husband's obligation is reduced by a minimum imputed income of $24,000 per year, which may be reduced further when and if the former wife actually earns more. Our concern is not with the decision to modify or the amount imputed, but with the trial court's decision to impute income of $2,000 per month to the former wife, effective immediately.
We recognize that the trial court was faced with a difficult balancing task. While a spouse receiving alimony should not be penalized for bettering herself or himself, neither should a spouse who agrees to an amount of permanent alimony based on his good faith assumption that the other spouse is genuinely unemployable based on her past patterns be penalized when the facts underlying the assumption change. The trial court recognized this dilemma when it stated that although "the former wife was not obligated by the property settlement agreement to rehabilitate herself" or become self-supporting, it could not "ignore the fact that she has in fact done so." Despite this recognition that the former wife had no prior obligation to rehabilitate herself, the trial court concluded that the former wife, "at a bare minimum, had the present and continuing ability to earn a minimum of $24,000."
It is well-settled that under certain circumstances a trial court may impute income to one spouse in the context of an award of alimony but the decision to remain unemployed or underemployed must be voluntary. See Kovar v. Kovar, 648 So.2d 177 (Fla. 4th DCA 1994); Maddux v. Maddux, 495 So.2d 863 (Fla. 4th DCA 1986). As the second district in Cushman v. Cushman, 585 So.2d 485, 486 (Fla. 2d DCA 1991), explained:
A court may impute income to a party who has no income or is earning less than is available to him based upon a showing that the party has the capability to earn more by the use of his best efforts. Desilets v. Desilets, 377 So.2d 761 (Fla. 2d DCA 1979). This determination of earning capacity versus actual earnings assumes the party to whom the income is imputed has chosen to earn less and has the ability to remedy the situation. Greene v. Greene, 547 So.2d 1302 (Fla. 2d DCA 1989). Before imputing income, the court must determine whether the individual's under-employment resulted through less than diligent and bona fide efforts to find employment paying income at a level equal to or better than that formerly received. The court must consider not only recent work history but also occupational qualifications and prevailing earnings. Ensley v. Ensley, 578 So.2d 497 (Fla. 5th DCA 1991).
(Emphasis added).
While it is also true that the former wife has accomplished a great deal educationally, her accomplishments had not translated into actual employment and income at the time of the final hearing. She contends that she is incapable of employment due to her health; by imputing income the trial court found otherwise. At the same time the trial court did recognize that "due to the former wife's health, the amount she is presently able to earn is somewhat speculative."
Possession of a law degree does not ensure self-sufficiency, see Blumberg v. Blumberg, 561 So.2d 1187 (Fla. 3d DCA 1989), nor does a law degree automatically translate into a job, a fact well-known by many recent law graduates without health problems. Theoretically, the former wife had acquired an earning capacity; in reality, however, she has absolutely no history of earnings and no track record.
In Kanouse v. Kanouse, 549 So.2d 1035 (Fla. 4th DCA 1989), we recognized that, *1149 although the wife had a law degree, she had only been sporadically employed throughout the parties' marriage and had permitted her husband's career and raising of the minor children to take priority over her career goals. Although there was no evidence in Kanouse that the wife was incapable of reestablishing herself in the marketplace, we acknowledged that it would take time and money for this to occur. Although Kanouse involved the issue of rehabilitative alimony, the guiding principle is the same under the circumstances presented here because the trial court has assumed that the former wife has the immediate ability to become partially self-supporting.
Thus, similar to the philosophy we expressed in Kanouse, under the circumstances of this case, the trial court should have provided a reasonable period before implementing the modification to provide the former wife with an opportunity to search out available employment opportunities in the legal field. This is particularly so in light of the trial court's finding in this case that "the former wife was not obligated by the property settlement agreement to rehabilitate herself." After a reasonable period of time, the burden would then be on the former wife to show that she is unemployed or underemployed as a result of any number of factors unrelated to her own efforts to secure employment, including her state of health or the realities of the job market.
Accordingly we reverse the trial court's order. Upon remand, since over one year has passed since the trial court entered the final order granting petition for modification, the trial court may find it appropriate to hear additional testimony bearing on the issue of the former wife's employability based on subsequent events.
We find no abuse of discretion in the trial court's denial of the former wife's request for attorney's fees.
REVERSED AND REMANDED.
WARNER and SHAHOOD, JJ., concur.