761 So.2d 433 (2000)
Claudio MARTINEZ, Appellant,
v.
Martha MARTINEZ, Appellee.
No. 97-3472.
District Court of Appeal of Florida, Third District.
May 31, 2000.
*434 Caruana, Langan, Lorenzen and Mendelsohn; Cynthia L. Greene, Miami, for appellant.
Simon, Schindler, Sandberg and Neal Sandberg and Thomas M. Pflaum, Miami, for appellee.
Before COPE, LEVY, and SORONDO, JJ.
PER CURIAM.
Former husband raises three challenges to the final judgment of dissolution. Specifically, former husband contends that: (1) the trial court erroneously valued his interest in his S-corporation for equitable distribution purposes; (2) the trial court erred in imputing to him the retained income of his S-corporation for purposes of calculating alimony and child support; and (3) the trial court erred in awarding permanent alimony to the former wife. Finding no abuse of discretion in any of the trial court's rulings, we affirm.
The parties were married in 1982. In November, 1994, the former husband filed for dissolution of the marriage. At the time of the final hearing, former husband was 48 years old and former wife was 40. The parties have two minor children. The former wife is a college graduate, but was a homemaker throughout the parties' marriage. The former husband is the owner of a construction company, which he started and developed during the marriage. At the final judgment hearing, the trial court was presented with evidence regarding the *435 parties' lifestyle, the former husband's income, the former wife's health and employment capabilities, and expert testimony as to the value of former husband's company.
As his first issue, former husband contends that the trial court erroneously accepted the valuation method of former wife's expert and, as a result, erroneously valued his interest in the S-corporation for purposes of equitable distribution. The trial court was presented with valuations from accounting experts for both the former wife and the former husband. After listening to both experts and their market valuation methods, the court accepted former wife's expert and rejected the valuation estimate of former husband's expert. We find no error with the trial court's findings, nor with its valuation of the company. The valuation placed on the corporation was within the range submitted by the parties' experts. Moreover, it was within the broad discretion vested in the trial court to accept one parties' witness and/or valuation over the other's. See Ellis v. Ellis, 699 So.2d 280 (Fla. 5th DCA 1997); Akers v. Akers, 582 So.2d 1212 (Fla. 1st DCA 1991). Finding no error in the trial court's application of the law and, finding that the Final Judgment thoroughly and exhaustively explains the court's ruling and reasoning, we decline to disturb its ruling on this issue. Canakaris v. Canakaris, 382 So.2d 1197, 1202-03 (Fla.1980).
Former husband next contends that the trial court erroneously imputed to him the retained income of his construction company, an S-corporation, for alimony and child support purposes. We disagree and find that the record supports the award, and amount of, child and spousal support. See § 61.046(4), Fla. Stat. (1997); § 61.08(2)(g), Fla. Stat. (1997); § 61.30(2)(a), Fla. Stat. (1997); Sohacki v. Sohacki, 657 So.2d 41 (Fla. 1st DCA 1995); Zipperer v. Zipperer, 567 So.2d 916 (Fla. 1st DCA 1990).
As his final issue, and related to the latter issue, the former husband contends that the trial court erred in awarding permanent periodic alimony to the former wife because former wife is a 40-year-old college graduate capable of employment and self support. Therefore, former husband contends, former wife is only entitled to rehabilitative alimony. The trial court found, and the record supports, that former wife cannot be rehabilitated to maintain the lifestyle of the marriage. Oxley v. Oxley, 695 So.2d 364 (Fla. 4th DCA 1997); Kanouse v. Kanouse, 549 So.2d 1035 (Fla. 4th DCA 1989). Accordingly, the award of permanent periodic alimony was proper.
The primary considerations for awarding permanent periodic alimony are the needs of one spouse versus the ability of the other spouse to pay. To determine the need of a spouse, a court must look to the parties' earning ability, age, health, education, the duration of the marriage, the standard of living enjoyed during the marriage, and the value of the parties' estates. Canakaris, 382 So.2d at 1201-02; § 61.08, Fla. Stat. (1997).
In the instant case, after reviewing the parties' education, earning ability, and standard of living enjoyed during the marriage, the trial court found that the former wife would be unable to maintain the standard of living the parties established during the course of the marriage. Kanouse, 549 So.2d at 1036. The trial court also considered the fact that former wife had been out of the job market for over ten years because she stayed home to care for the parties' minor children and the household. The court recognized and accepted wife's testimony that she wished to continue to stay home with the children as she had done during the marriage. The court also found that former wife has the ability to work and/or update her training during the day while the children are in school. Accordingly, the court determined that former wife could enter the job market after rehabilitation and imputed an income *436 of $12,564 to former wife. The Court further noted that former wife suffered psychological challenges as a result of the break up of the marriage. After imputing a monthly net income of $31,096 to former husband, the trial court found that former wife would still earn substantially less than former husband and never earn an amount to provide a lifestyle equivalent to that of the marriage. Canakaris, 382 So.2d at 1202; Kanouse, 549 So.2d at 1036. Accordingly, the court awarded the former wife permanent periodic alimony.
As far as the length of the marriage is concerned, the parties had been married for twelve years as of the time the Petition for Dissolution was filed. Thereafter, the parties engaged in litigation for a period of three years until the court officially dissolved the marriage. Courts have generally awarded permanent periodic alimony where the parties' marriage is long-term. While a fifteen-year marriage is considered long-term for purposes of permanent periodic alimony, Cardillo v. Cardillo, 707 So.2d 350 (Fla. 2d DCA 1998), a twelve-year marriage falls in the lower end, or gray area, of a long-term marriage for which the courts generally award permanent periodic alimony. Nelson v. Nelson, 721 So.2d 388 (Fla. 4th DCA 1998); Oxley v. Oxley, 695 So.2d 364 (Fla. 4th DCA 1997); see also Etesam v. Chasebi, 751 So.2d 1261 (Fla. 3d DCA 2000). Typically, for purposes of determining permanent periodic alimony, courts must take into consideration the duration of the parties' marriage. Generally, the time period between the filing of the petition for dissolution of the marriage and the final judgment of dissolution is a de minimis time period which does not affect the calculation of the "length of the marriage". However, where as here, the period of time between the filing of the petition and the entry of final judgment is over the typical 12-18 months, the trial court must often consider when the marriage "terminated" for purposes of determining the "length of the marriage." We hold that the length of the parties' marriage, for purposes of calculating alimony, is determined from the date the parties married through the date that the Petition for Dissolution of the Marriage is filed.[1] Naturally, the foregoing notwithstanding, the trial court has discretion, based on the unique circumstances of a particular case, to find that a marriage terminates on some other date, either before or after the filing of the Petition, as long as the Final Judgment contains written findings stating the date the marriage is determined to have terminated and explaining why that termination date was selected.
We conclude that, under the facts and circumstances of the instant case, the award of permanent periodic alimony was proper and substantially supported by the record. Accordingly, we affirm the trial court Order in all respects.
Affirmed.
NOTES
[1] This is the only sensible date from which to measure the termination of the marriage because on this date, the party filing the Petition avers that the marriage is irretrievably broken.