PER CURIAM.
Jennifer L. Brown brings a consolidated appeal of two post-dissolution orders entered by the trial court. We affirm the Stipulated Order on Attorney Fees without further discussion. We affirm the trial court’s interpretation of the debt provisions of the marital settlement agreement except for the court’s failure to give the former wife credit for the debts totaling the amount of $8,307.62 which she was assigned to pay. It is undisputed that either these debts have been satisfied or the former wife is still solely obligated to pay the debts. In either event, she should have received appropriate credit. Finally, we reverse the trial court’s modification of child support. No pleading was filed seeking that relief and the former wife was not given appropriate notice or an opportunity to defend the reduction of child support. Newberry v. Newberry, 831 So.2d 749 (Fla. 5th DCA 2002); Sohacki v. Sohacki, 657 So.2d 41 (Fla. 1st DCA 1995). The mere mention of child support in a proceeding-does not authorize the trial court to modify child support without notice nor does that mere mention constitute the implied consent to try the issue. Newberry, 831 So.2d at 751.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.
BENTON, VAN NORTWICK, and CLARK, JJ., concur.