392 So.2d 1034 (1981)
Marilynn TRYLKO, Appellant,
v.
Frank TRYLKO, Appellee.
No. 80-581.
District Court of Appeal of Florida, Second District.
January 28, 1981.
David L. Anderson, New Port Richey, for appellant.
William R. Webb of Carlson, Meissner & Webb, New Port Richey, for appellee.
DANAHY, Judge.
In the final judgment dissolving the marriage of these parties, the trial judge (1) granted custody of the parties' two minor children to the father, (2) ordered the mother *1035 to pay child support, (3) denied her request for alimony, and (4) ordered her to hold the father harmless from and assume responsibility for part of the balance owed on several credit cards held jointly by the parties. We find that each of those portions of the final judgment meets the reasonableness test enunciated in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), and, thus, is within the permissible scope of the trial judge's discretion. Grant v. Corbitt, 95 So.2d 25 (Fla. 1957). We, therefore, affirm those portions of the final judgment.
The mother also challenges the following limitation on her right of reasonable visitation with her children:
The respondent shall not have her paramour present when she has visitation with the children.
On this record we find that the imposition of the foregoing limitation constitutes an abuse of discretion on the part of the trial judge and, therefore, we reverse the final judgment to that extent.
There had been serious discord in the parties' marriage for some years. For several months prior to the father's initiation of these proceedings for dissolution of the marriage, the mother had engaged in an adulterous relationship. The mother and her lover were never together in the presence of the children, although she had been away on trips and out until late hours with him.
The trial judge voiced strong disapproval of the mother's marital misconduct. He described the mother as being "preoccupied" with her lover and presently unwilling to undertake the day to day responsibilities of the children's custodial care. It is clear that the father was very upset about the mother's extramarital relationship. It is equally clear he felt strongly that his children should not be around the man whom he perceived as the cause of the breakdown of his marriage.
We think there is sufficient evidence that the mother's recent life style, which included absences from the marital home and inattention to parental duties, supported a finding by the trial judge that the welfare of the children would be best served by placing them in the custody of their father.[1] But those facts alone do not warrant the imposition in turn of the restrictive limitation placed on the mother as a condition of visits with her children. The trial judge stated that he did not feel it would be in the best interest of the children for them to be "involved" with the mother in the presence of her lover while their "meretricious relationship" existed, and that he was imposing the limitation "so that these youngsters will have a healthy and good opinion of their mother." Thus, the trial judge made a finding that it was in the best interest of the children that the limitation be imposed. The problem with that finding, however, is that nowhere in the record is there competent evidence to support the conclusion that her "paramour's" presence during the mother's visits with the children would have such a deleterious effect on them as to require that his presence be prohibited.
It is apparent that, notwithstanding his "best interest of the children" finding, the trial judge imposed the limitation to demonstrate his disapproval of the mother's marital misconduct and to protect the children from conditions the trial judge deemed morally undesirable. The law sets a different standard. Beaman v. Beaman, 393 So.2d 19 (Fla. 3d DCA 1980); Wambst v. Wambst, 391 So.2d 375 (Fla. 3d DCA 1980). Without competent and substantial evidence of the detrimental effect on the children caused by her lover's presence during the mother's visits, the limitation imposed *1036 by the trial court cannot stand. Dinkle v. Dinkle, 322 So.2d 22 (Fla. 1975); Hackley v. Hackley, 380 So.2d 446 (Fla. 5th DCA 1979). There is no such evidence in this record.
As this court recently noted in a case involving an analogous limitation imposed as a condition of custody, the trial court has continuing jurisdiction to enter appropriate orders to protect the children should events prove that visits by the mother with her lover present are, in fact, detrimental to the welfare of the children. Draper v. Draper, No. 80-646 (Fla. 2d DCA Dec. 24, 1980).
We conclude by observing that even in appropriate circumstances the wording of the limitation in this case is impermissibly broad because it could apply to a different man in the future with whom the mother might become involved or wish to marry. The private lives of the children and the mother may not be so regulated.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
SCHEB, C.J., and BOARDMAN, J., concur.
NOTES
[1] The trial judge made it clear he was not placing the children in the custody of their father solely because of the adulterous conduct of the mother. Such conduct, even if committed in a household where the children are present, could not disqualify the mother from consideration as the proper custodial parent if it has no bearing on the welfare of the children. Dinkle v. Dinkle, 322 So.2d 22 (Fla. 1975).