396 So.2d 252 (1981)
Paula K. SMITH, Appellant,
v.
Samuel A. SMITH, Jr., Appellee.
No. WW-245.
District Court of Appeal of Florida, First District.
April 6, 1981.
*253 Ferrin Campbell, Sr., Crestview, for appellant.
Patricia S. Warren, Fort Walton Beach, for appellee.
THOMPSON, Judge.
This is an appeal from a Final Judgment which dissolved the marriage between the parties herein. The appellant ("the wife") first argues that the trial court abused its discretion by failing to grant her awards of lump sum and rehabilitative alimony. However, after carefully considering the briefs of counsel and the record herein, we have determined that the trial court did not abuse its discretion, and we affirm the denial of alimony for the wife. See Canakaris v. Canakaris, 382 So.2d 1197, 1202-03 (Fla. 1980).
The wife also asserts that the trial court erred by placing certain restrictions upon her social activities. We agree and reverse on this point.
In pertinent part, Paragraph Five of the Final Judgment states that the wife "shall not have [a certain gentleman] nor any other men to whom she is not related on the premises of the residence owned by [the husband] for social reasons." [sic] The record shows that the residence owned by the husband is the former marital home. The wife was awarded the exclusive use and possession of this home for a specified period of time, while the husband retained his ownership of the home.
In effect, the trial court has ruled that the wife may not have any unrelated men visit her on a social basis at her home. The husband argues that the purpose of this ruling is to protect the parties' two minor children, who will be in the wife's custody. However, the trial court made no such finding, nor is this portion of the court's prohibition against unrelated male social visitors contingent upon the presence of the children at the home. Accordingly, the trial court's ruling, as set out above, is overbroad, see Draper v. Draper, 1981 Fla.L.W. 146 (Fla.2d DCA, opinion filed Dec. 24, 1980), and it represents "an improper attempt to regulate the private life of the ... wife." Wambst v. Wambst, 391 So.2d 375 (Fla.3d DCA 1980).
Paragraph Five of the Final Judgment also provides that the wife is not "allowed to have any men to whom she is not related visit in her residence or at [certain riverfront property] while the children are present." The record shows that the residence referred to is the same residence mentioned above, while the riverfront property is a fishing camp which is now owned by the parties as tenants in common.
In effect, the trial court has ruled that the wife may not have any unrelated men visit her on a social basis at her home or at her fishing camp, while the children are present. However, this ruling was made without the required finding that unrelated male visitors would adversely affect the children's welfare. See Draper, 1981 Fla.L.W. at 146. See also Trylko v. Trylko, *254 392 So.2d 1034, 1035-36 (Fla.2d DCA 1981). Moreover, there must be competent substantial evidence showing that the wife's social contact with unrelated male visitors at her home or fishing camp would adversely affect the children if they were present. See Trylko, 392 So.2d at 1035-36; Draper, 1981 Fla.L.W. at 313. Such evidence does not appear in the record herein. Cf. Hackley v. Hackley, 380 So.2d 446 (Fla.5th DCA 1979); Dinkel v. Dinkel, 322 So.2d 22, 23-24 (Fla. 1975).
We reverse those portions of Paragraph Five that were discussed above. In doing so, we note that "[i]f, after an award of custody, a custodial parent engages in conduct or associations that adversely affect the minor children, the court has continuing jurisdiction to enter appropriate orders to protect [those] children." Draper, 1981 Fla.L.W. at 146.
LARRY G. SMITH, J. and OWEN, WILLIAM C., Associate Judge (Ret.), concur.