518 So.2d 954 (1988)
Barbara Blake PARDUE, Former Wife, Appellant,
v.
Michael Lassiter PARDUE, Former Husband, Appellee.
No. BR-345.
District Court of Appeal of Florida, First District.
January 15, 1988.
Lauchlin T. Waldoch of Dell, Graham, Willcox, Barber & Henderson, P.A., Gainesville, for appellant.
Martha Ann Lott, Gainesville, for appellee.
ERVIN, Judge.
Appellant/wife appeals the final judgment of dissolution of marriage, raising numerous issues in her appeal. We reverse those portions of the judgment relating to the distribution of marital assets, alimony and child custody, and remand the cause to the trial court with directions.
The wife appeals the order distributing the marital assets and the amount and nature of alimony awarded. Specifically, she assails as error the failure of the trial judge to award her the marital home as lump sum alimony, to treat the family surveying *955 business as a marital asset subject to equitable distribution between the spouses, and to award her either permanent periodic alimony or a greater amount of rehabilitative alimony than that ordered, $200 per month for twenty-four months.
After reviewing the record as a whole, we conclude the court's distribution of marital assets and the amount of rehabilitative alimony to be an abuse of discretion and unfair to the wife. Although it is not the role of this court to prescribe in detail to the trial court what may be an acceptable scheme of distribution, we will briefly describe what we consider erroneous as to the items ordered.
First, the trial court erred in not considering the family surveying business as a marital asset that was susceptible to equitable distribution. The business was developed during the marriage by the labors of both the husband and the wife. In so saying, we do not hold that the lower court necessarily erred in refusing to award the wife a portion of the business as a marital asset. If, however, the wife is deemed not entitled to receive a portion of the marital business as part of her share of the assets subject to distribution, then she must be considered entitled to an additional share of the other marital assets, such as the marital home.
Nor can we agree with the wife's argument that the court's failure to distribute the marital assets equitably requires the outright award of the marital home to her as lump sum alimony. Clearly, this court does not have the authority to restructure a divorce settlement on a piecemeal basis. See Noah v. Noah, 491 So.2d 1124, 1128 (Fla. 1986), where the Florida Supreme Court quashed a district court's opinion that had improperly fashioned its own version of an equitable remedy, by directing that a condominium be awarded to the respondent. In the case at bar, the trial court possessed discretion to award the wife the marital home as lump sum alimony in lieu of the award of the business of the husband. See Tronconi v. Tronconi, 466 So.2d 203 (Fla. 1985) (the trial court may, upon the request of either party for the disposition of jointly held assets, order the conveyance of such assets as will achieve an equitable distribution). We must, however, leave the ultimate determination of distribution to the trial court. We only say that the trial court's order of distribution is, under the circumstances, an abuse of discretion, and that the wife is entitled to a greater share of the marital assets in an effort to approximate more equitably her contributions to the marriage. See Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla. 1980).
Appellant also appeals the lower court's failure to award permanent periodic alimony, or, in the alternative, the amount of rehabilitative alimony allowed. We cannot say that the trial court necessarily erred in refusing to award the wife permanent periodic alimony, in view of both her apparent ability to complete her college education and her successful work history. The amount and duration of rehabilitative alimony awarded in the case at bar is nonetheless an abuse of discretion. The wife was awarded $200 per month for a period of two years, an amount less than the $275 per month the husband was ordered to pay as child support for each of the parties' two children. There is nothing in the record disclosing how the trial court arrived at the amount of rehabilitative alimony; nor is there anything in the record suggesting that the cost of living is less for adults than it is for children. The length of the rehabilitative term ordered is apparently the amount of time the mother would require to complete college if she were to return to college as a full-time student. Because the rehabilitative alimony awarded is only $200 per month, the wife may be required to work during the rehabilitative period, thereby making it impossible for her to complete her education within two years. Accordingly, we reverse the amount of rehabilitative alimony awarded, and on remand direct the court to award rehabilitative alimony in an amount and for a duration that would realistically allow the wife to support herself while completing her college education, or, in its discretion, *956 to reconsider the propriety of awarding her permanent alimony.
The wife additionally appeals the admission of certain testimony, introduced over her objection, relating to her alleged marital infidelity. Section 61.08(1), Florida Statutes, provides that adultery is relevant in determining whether to award alimony and its amount. The Florida Supreme Court, however, has placed severe restrictions on the non-alimony-seeking spouse from introducing evidence of adultery against the other spouse requesting alimony. The court has emphasized that divorce in Florida is generally established without proof of fault of either spouse, and that there are only a few exceptional circumstances when evidence of adultery is considered relevant in ascertaining equitable distribution of property, or in determining an appropriate amount of alimony. See Noah v. Noah, 491 So.2d 1124, 1127 (Fla. 1986) (quoting Langer v. Langer, 463 So.2d 265, 267 (Fla. 3rd DCA 1984)), observing that adulterous conduct may be relevant if it "contributed to the depletion of the financial resources of the family." Because no evidence was shown revealing depletion of the marital assets, the Noah court upheld a district court's opinion reversing a trial court's order that had awarded virtually all of the marital assets to the nonadulterous spouse.
Given the above authority, we conclude that it is improper to refuse to award alimony or reduce the amount of alimony, or reduce a spouse's share in the equitable distribution of marital assets, merely because of the existence of evidence of the requesting spouse's adultery. See Phillips v. Phillips, 504 So.2d 412, 413 (Fla. 4th DCA), review dismissed, 511 So.2d 299 (Fla. 1987) (reduction of the wife's distribution of the marital assets, because of her brief relationship with a man during her marriage was not permissible, citing Noah). See also Green v. Green, 501 So.2d 1306 (Fla. 4th DCA 1986) (en banc), review denied, 513 So.2d 1061 (Fla. 1987) (financial award based upon adultery and fault was inequitable, requiring reversal). In the instant case there is no justification for allowing the issue of adultery into evidence, because none of the limited criteria for the admission of adulterous conduct, as established by the Florida Supreme Court, was present.
Although the trial court's final judgment does not explicitly state, it appears that evidence of adultery may have affected the court's determination of the amount of alimony awarded, as well as the division of marital assets. If the judgment were so influenced by such evidence, it may serve to explain why the court chose not to treat the family business as a marital asset, and why it awarded the wife only $200 per month as rehabilitative alimony. In making the above observations, we note that the husband's answer brief has offered the wife's infidelity as a justification for the distribution ordered and the alimony awarded. If the court's judgment were so influenced, we caution the trial court on remand to disregard any evidence of adultery in its determination of an equitable distribution of assets or in its consideration of an appropriate alimony award.
The final judgment also awarded to each spouse one-half of the marital residence, and permitted the wife the use and exclusive possession of the home during the time that she maintained custody of the minor children. The wife urges that the lower court erred in not ordering the husband to pay one-half of the taxes, maintenance expenses of the home, and insurance on the home. The husband has acknowledged in his answer brief responsibility for such payments. On remand, the judgment should reflect that each spouse is responsible for paying one-half of such costs.
Finally, the wife objects to the conditional award of custody, which is to be automatically revoked "[i]f the Wife begins a musical career before the children reach the age of majority...." After closely scrutinizing the record, we conclude that there is no evidence disclosing that Mrs. Pardue's pursuit of a musical career has in any way injured or endangered her children. Therefore, we reverse the condition as an arbitrary and capricious exercise of discretion. Cf. Smith v. Smith, 396 So.2d 252 (Fla. 1st DCA 1981) (reversing a provision *957 in the final judgment prohibiting the mother from allowing men to visit her in her residence). In the present case, if the future actions of the mother prove injurious to the children, the lower court may exercise its discretion in reconsidering the issue of custody. Such discretion, however, would be abused if its decision on whether or not to permit the wife continued custody of the children were based solely on her employment as a professional musician.
REVERSED and REMANDED for further consistent proceedings.
JOANOS and BARFIELD, JJ., concur.