PARKER, Judge.
The wife Kimberly Frank appeals from the final judgment in this dissolution of marriage action, contending that the trial court erred in the distribution of marital assets. We reverse the trial court’s judgment.
The final judgment awarded the parties the following:
Gersmeyer
Professional Association .$300,000 (including $89,000 to $115,000 in tangible assets)
Marital residence with an equity value of . 16,000
Strip mall with an equity value of ... 116,000
Cape Coral property with an equity value of . 85,000
TOTAL $517,000
Frank
Bank withdrawal[1] _$ 64,000
Car. 14,480
Jewelry . 2,527
IRA . 6,000
Personal property . 28,305
TOTAL $115,312
The final judgment directed that the parties share parental responsibility of the one child of the marriage, and awarded Gers-meyer primary custody.
The wife contends that the trial court committed two errors: (1) abuse of discretion in divesting her of vested property rights in the marital residence, the strip mall, the Cape Coral property, and an interest in the husband’s professional practice; and (2) failure to require the husband to contribute to the wife’s attorney’s fees and costs.
As to the first contention, the wife contends that the trial court’s award to the husband of the parties marital property was an attempt to punish her for marital misconduct. In the final judgment, the trial court characterized this case as reflecting deceit, convenient memory and outright lies coupled with the manufacturing of evidence by both the wife and her first lawyer, Stephen Frank, to whom she is presently married. At the trial, a former employee of Mr. Frank’s alleged that he instructed his staff to “pad” the wife’s expenses with receipts from the employees’ persona] purchases to provide backup to the wife’s inflated financial affidavit. The trial court stated that:
It is a well established principle of equity that he who seeks equity must do equity. This record is full of evidence which leads this Court to the conclusion that the Petitioner has done no equity in this case and therefore deserves none. Therefore the Court finds the Petitioner is entitled only to those funds she has already taken and those personal items she removed from the marital home ex *894 cept for these personal and business records belonging to the Respondent.
Based upon the findings made by the trial court, the court was justified in being disturbed with the wife and her former attorney. However, the wife's actions at the time of separation and afterwards cannot be completely disregarded in assessing her contributions to this six year marriage.
The evidence reflects that the wife’s contributions to the financial success of the marriage were not recognized by the court. At the start of the marriage, the husband entered orthodontics school, and the wife gave up her training as a dental assistant, and worked throughout the husband’s schooling. Also, the husband received assistance from his family while he was in dental and orthodontics school. After the husband completed school, he worked in a dental clinic and began a part-time orthodontics practice. The wife worked in the orthodontics office in a clerical capacity and also as a dental assistant. When the husband took up his practice full-time, the wife continued to work in the practice. Initially, the wife was unpaid, but eventually she was compensated $2,000 yearly to qualify for an IRA. When the separation occurred, the husband’s practice was flourishing. He had formed a professional corporation, in which he was the sole stockholder, and maintained two separate offices.
The parties’ home and strip mall were jointly titled, and although the Cape Coral property was titled solely in the husband’s name, the husband conceded that it was also marital property. The parties stipulated that these real properties are not divisible.
We conclude that the trial court’s findings constituted an abuse of discretion because the order of distribution did not provide the wife with a share of the marital assets proportional to her contributions to the marriage. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Pardue v. Pardue, 518 So.2d 954 (Fla. 1st DCA 1988). Accordingly, we reverse the trial court’s judgment. Upon remand, the trial court may utilize cross awards of jointly held property to achieve an equitable distribution of the parties’ assets. Tronconi v. Tronconi, 466 So.2d 203 (Fla.1985).
As to the second contention, we hold that the final judgment should be remanded to require the husband to contribute to the wife's attorney’s fees and costs unless, upon remand, an equitable distribution of the parties’ assets reflects that the wife is left with readily available funds to bear these expenses. A superior financial position of one spouse may require that spouse to be responsible for the attorney’s fees of the other party to the dissolution. Hudgens v. Hudgens, 411 So.2d 354 (Fla. 2d DCA 1982); Suarez v. Suarez, 373 So.2d 716 (Fla. 2d DCA 1979).
Reversed and remanded for further proceedings consistent with this opinion.
DANAHY, C.J., and CAMPBELL, J., concur.

. The wife withdrew $64,000 from joint accounts upon the advice of her first lawyer. The trial court directed that $2,100 a month be applied toward those funds for temporary support of the wife and child over the thirteen (13) months in which she and the child were due temporary support. Therefore, it can be argued that the real value of those monies to the wife is $18,000.