BOOTH, Judge.
This cause is before us on appeal from the trial court’s order on Appellant’s petition for modification of rehabilitative alimony.
By settlement agreement incorporated into the parties’ 1988 final judgment of dissolution of marriage, Appellee agreed to pay Appellant rehabilitative alimony of $500 per month for sixty months, so long as Appellant was pursuing her education toward a bachelor’s or master’s degree. The parties further agreed to accept the settlement agreement in lieu of any and all claims, including alimony (except as provided in the agreement), but that alimony was modifiable upon a showing of a material change in circumstances. Thereafter, Appellant pursued her education, and her master’s degree in education was anticipated to be awarded in May of 1994.
Meanwhile, Appellant petitioned for alimony modification. In the order sought to be reviewed, the trial court held, inter alia, that Appellee’s ability to pay is limited and inflexible, and that Appellant is not entitled to permanent alimony but that, although she is rehabilitated, she has experienced a substantial change in circumstances and is entitled to an increase in her rehabilitative alimony of $50 per month for an additional eight months so that she can complete her master’s degree and “make arrangements for either full-time employment without further education, full-time employment with part-time pursuit of a doctoral degree, or part-time employment with full-time pursuit toward that degree.”
On appeal, Appellant contends that the trial court erred in: (1) finding that Appellant is rehabilitated; (2) not increasing the monthly alimony to $2,500; (3) not extending rehabilitative alimony until August 1999 to allow completion of Appellant’s Ph.D.; and (4) not converting the rehabilitative alimony to permanent alimony.
The purpose of rehabilitative alimony is to establish the capacity for self-support by providing the training necessary to develop potential support skills. Paulsen v. Paulsen, 603 So.2d 1317, 1319 (Fla. 1st DCA 1992). Self-support means more than obtaining any job; a divorced spouse is entitled to live in a manner reasonably commensurate with the standard of living established during the course of a long-term marriage. Askegard v. Askegard, 524 So.2d 736, 737 (Fla. 1st DCA), rev. denied, 536 So.2d 243 (Fla.1988); 25A Fla. Jur.2d, Family Law, §§ 649-50 and cases cited therein.
In the instant case, Appellant, aged 52, did not work outside the home during the 27 years of marriage. Four children were born of the marriage. The youngest children (twins) were age 16 in 1988, at the time of the divorce. Both spouses had family trust funds available that allowed a high standard of living during the marriage. In 1988, independent of his trust income, Appellee grossed over $50,000. The trust funds are now largely exhausted or unavailable. Since the divorce, Appellant has obtained her bachelor’s degree and is close to receiving her master’s degree in education. Appellee is employed as an investment executive, grossing $72,000 per year.
Appellant presently has no income. Trial testimony indicated that Appellant can potentially earn $22,000 to $25,000 per year with her master’s degree and can potentially earn $37,000 per year if she obtains her Ph.D. There was also evidence that Appellant has phlebitis, which may ultimately result in the amputation of one or both legs.[1]
The trial court found that Appellant has experienced a substantial change in circumstances and has “demonstrated a clear need for continued support until her capacity to support herself has been realized.” The trial *1361 court also found that Appellant’s trust fund stopped producing income in December of 1992, and that since that time she has been supporting herself by student loans, borrowing, and sale of personal assets. The $500 in monthly rehabilitative alimony ceased on December 31,1993. Despite these findings, the trial court also ruled that Appellant was rehabilitated.
On these facts, we hold that the trial court abused its discretion in finding Appellant rehabilitated and in faffing to award Appellant sufficient rehabilitative alimony to allow her to complete her Ph.D. within a reasonable time or, in the alternative, in faffing to convert the rehabilitative alimony in whole or in part to permanent alimony. Appellant’s rehabilitation will be accomplished when she is capable of earning some semblance of the lifestyle enjoyed during the long marriage. The trial court must determine whether full rehabilitation is a realistic goal for Appellant in view of her age, lack of work experience, and health problems. Thus, we affirm in part, but reverse the finding that Appellant is “rehabilitated,” and reverse the amount and duration of rehabilitative alimony awarded.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART WITH INSTRUCTIONS.
MICKLE and VAN NORTWICK, JJ., concur.

. The trial court’s order does not mention the evidence concerning Appellant's health.