GRIFFIN, Judge.
This is the appeal and cross-appeal of a final judgment of dissolution of marriage. The lower court’s custody determination of the parties’ minor child is supported by competent substantial evidence and is affirmed. The award of alimony to former wife is reversed because we can find no basis in the record for avoidance of the parties’ prenuptial agreement. The award of equitable distribution is reversed and remanded to the lower court because of inconsistencies on the face of the judgment and because certain of the findings are not supported by the record. Specifically, the distribution portion of the final judgment shows a value of $150,166 for “One for the Road,” one of the parties’ businesses. Earlier in the judgment, the court had found the equity in the business to be $58,528. This latter figure, representing a reduction in the valuation of $77,912, which was testified to by former husband’s expert, for “debt” of $19,-834 also appears not to be supported by evidence in the record. It appears this figure was reached in reliance on figures used by former husband’s counsel in closing argument but we can find no evidence to support the reduction and former husband has been unable to direct us to such evidence. The valuation of the other business, “Vision Depot,” in the amount of $19,144 appears to include a similarly unsupported “debt” reduction of $3,543. To the contrary, former husband’s expert’s testimony suggests $3,500 for attorney’s fees, equipment and rent paid to former husband would properly be added to the valuation of the inventory.[1] Further, there appears to be no record evidence to support the lower court’s determination that the Porsche owned by former husband had a value of $32,000 and a debt of $32,000, leaving zero equity. The record indicates that, as of the date of valuation presumptively selected by the trial court, the automobile had a value of approximately $9,600.
Finally, in light of the reversal of the award of alimony and the revisiting of the scheme of equitable distribution which necessarily will be made on remand, the lower court’s award of attorney’s fees may warrant revision by the lower court.
AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings.
PETERSON, C.J., and GOSHORN, J., concur.

. The valuations applied by the lower court to “Vision Depot” suggest that the valuation date chosen by the lower court was not the date of filing of the dissolution. If a different date is deemed appropriate, the lower court should explain the basis for this decision. See Bomwell v. Bomwell, 676 So.2d 508, 510 (Fla. 4th DCA 1996).