COBB, J.
The issue in this case is whether the following language in a prenuptial agreement precludes the trial court from awarding a 50 percent equity interest in the increase in value of the parties’ marital home in Massachusetts even though solely owned by the husband prior to marriage:
The property of each party, real, personal or mixed, now owned by him or her and hereafter acquired by him or her and wheresoever situated, shall be and remain his or her separate property, subject entirely to his or her controlling use, with full rights at all times to enjoy, manage, convey, mortgage, grant, alienate and dispose of the same by deed, will or otherwise, upon his or her sole signature, the same as if he or she were unmarried, and the other party shall not acquire by virtue of the marriage for himself or herself, his or any interest in the income, rents, increase, profits or dividends therefrom.
The sum of $57,500.00 awarded to the wife represents one-half of the increase in the value of the home during the marriage. The award was based upon the fact that the wife contributed mortgage payments on the home, and the mortgage debt was reduced by $115,000.00 during the marriage. There was no evidence of any waiver or amendment of the prenuptial language relating to the word “increase.” The trial court did not explain its disregard of the prenuptial language. Accordingly, we reverse the equity award of $57,500.00 to the wife. See Haddad v. Haddad, 686 So.2d 788 (Fla. 5th DCA 1997).
We find no merit in the argument of the appellant in regard to the attorney fee award by the trial court. See Rosen v. Rosen, 696 So.2d 697 (Fla.1997).
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
SAWAYA and ORFINGER, R.B., JJ„ concur.