CASANUEVA, Judge.
In these consolidated appeals from a judgment dissolving the parties’ almost seventeen-year marriage, both parties seek review. Danice Doganiero (the Wife) contends, in appeal no. 2D11-6432, that the trial court erred in multiple respects; and Frank D. Doganiero (the Husband), in appeal no. 2D11-6479, contends that it erred in one. We affirm in part and reverse in part the Wife’s appeal, finding merit in one of her arguments, the amount of alimony, but find no reversible error in the other issues she raises which we affirm without further discussion. We also affirm the Husband’s consolidated appeal without further discussion.
In 1992 when the parties married, the Wife was thirty years old and the Husband was thirty-three. They had two sons, one born in 1993 and the other in 1996. At the time of the marriage, the . Husband was working for his brother in his software firm and also owned an interest in the firm. The brother sold the firm in 1998 and the Husband and Wife netted over three million dollars from the Husband’s share of the proceeds. The Husband invested a portion of this money in another company, PODS (Portable On Demand Storage); built a large home, estimated to be worth approximately $1.5 million at the time of trial in 2011; and commenced a marital lifestyle the trial court described as lavish. When the Husband sold his shares in PODS in 2007, he netted over five million dollars.
The Wife was primarily a homemaker and the Husband supported the family by investing in companies and real estate. He supported their luxurious marital lifestyle with the proceeds from each successive real estate deal or by tapping the equity in their home when the business deals did not provide sufficient income. Unfortunately, at the time of the real estate market collapse in 2008, the Husband was overexposed financially in real estate investments and was carrying a large debt-load which required servicing, a financial burden he had difficulty in meeting.
The Wife filed for dissolution in March 2009. Although the Husband filed various financial affidavits in the course of the proceedings, showing differing amounts of monthly income, he took the position at trial that he was unemployed and, there *77 fore, was earning no income. During the dissolution proceedings, for a short time the Husband had a job at which he earned about $52,000 a year. But he lost this job before trial. Based on this evidence, the trial court imputed income to him of $52,000 a year. Based on the Wife’s age, health, and abilities, the Wife’s counsel stipulated to imputing income to her of $24,000 a year, and the trial court accepted this figure in its calculations. At the time of trial, there were no marital liabilities and only one marital asset of significance, the marital home owned free and clear; the only other marital assets were the couple’s personal belongings, two autos, and some cash accounts.[1]
Both parties presented experts at trial in an attempt to value the marital estate. Based on the widely varying financial affidavits the Husband had submitted at different times to different people and the court, the Wife maintained that his investments could be the source of alimony and child support. The Husband claimed that he had no more capital to invest because he had divested himself of all his interests to pay off the marital debts. The lion’s share of these interests went to his longtime business partner to satisfy a promissory note that had been accelerated shortly after the Wife filed for dissolution. Both the Wife’s expert and the Husband’s expert agreed that all the liabilities were legitimate marital debts and the Husband’s action in paying off these debts was a reasonable financial decision and done in arm’s-length transactions.
In the equitable distribution scheme, the final judgment of dissolution noted that the Husband’s divestment of the marital assets was a reasonable decision and it left the parties upon dissolution without marital liabilities. But the Wife was thus put in a position of not being able to realize any income from these former positions or have any positive or potential credit or credit-worthiness that the Husband retained for the future. To compensate for this imbalance, the trial court ordered that the marital home be sold and that the Wife receive two-thirds of the net proceeds and the Husband one-third.
On appeal, the Wife claims that the trial court abused its discretion in awarding her only a nominal $100 a month in durational alimony, lasting sixteen years. The trial court found that she had a need for spousal support, that the marital standard of living was quite high during the marriage, and that $100 a month was not consistent with the marital standard of living during most of the marriage. However, the trial court also noted that their lifestyle must be reduced due to the intervening economic downturn and the Husband’s reduced ability to pay. In its final judgment, the trial court made no specific factual findings for its alimony award based upon an imputation of an annual income to the Husband of $52,000.
Section 61.08(7), Florida Statutes (2012), provides:
Durational alimony may be awarded when permanent periodic alimony is inappropriate. The purpose of durational alimony is to provide a party with the economic assistance for a set period of time following a marriage of short or moderate duration or following a marriage of long duration if there is no ongoing need for support on a permanent basis.
In determining whether to make an award of alimony, our legislature has de *78 manded that “the court shall first make a specific factual determination as to whether either party has an actual need for alimony,” and, if so, the court “shall consider all relevant factors,” including those specified by statute. § 61.08(2). In addition to complying with this statutorily mandated directive, such findings immeasurably aid the reviewing court on appeal. See Orloff v. Orloff, 67 So.3d 271, 275 (Fla. 2d DCA 2011) (ordering that if, on remand, the court decides to award alimony, “it shall also make sufficient findings of fact as required by section 61.08(2) to support that award in order to facilitate further appellate review”). We are hampered in our review by the trial court’s lack of specific findings on the issue of alimony.
First, although the trial court’s determination is reviewed under an abuse of discretion standard, its discretion is not without borders. See Udell v. Udell, 998 So.2d 1168, 1170 (Fla. 2d DCA 2008) (holding that even in a situation where the trial court has “broad” discretion, such discretion is not unlimited); see also Coltea v. Coltea, 856 So.2d 1047, 1052 (Fla. 4th DCA 2003) (holding that in proceedings under chapter 61, a trial court’s discretion is not unlimited or to be applied mechanically). Here, assuming an annual income of $52,000 per year to the husband, an award of $100 per month in alimony to the wife, where that amount admittedly fails to meet the her needs, is woefully insufficient and beyond the pale. See Gilbert v. Gilbert, 447 So.2d 299, 305 (Fla. 2d DCA 1984) (Lehan, J., concurring in part and dissenting in part). We conclude that an award of $100 a month — where this payor is recognized to have imputed income and future prospects — is an award that no reasonable court would impose and is thus an abuse of discretion.
Furthermore, we question whether the trial court’s determination that the alimony be durational rather than permanent is appropriate. Durational alimony is to be awarded by statute, where “permanent periodic alimony is inappropriate.” See § 61.08(7). Here, the trial court found that the Wife has limited income potential, that the marriage’s duration was 16 years and 10 months, that the Wife was 49 years of age at the time of the final judgment and the Husband was 52 years of age, and that virtually all of the parties’ income came from the Husband’s investments. In light of these circumstances and the final judgment’s lack of factual findings that an award of permanent alimony is inappropriate, we reverse for further proceedings. On remand, the trial court is directed to determine pursuant to section 61.08(7) whether the Wife merits permanent periodic alimony; further, any type of alimony awarded must be of a legally sufficient amount. In doing so, to ensure meaningful appellate review — should one be necessary — the trial court must set forth its rationale for any award.
Appeal no. 2D11-6432 affirmed in part, reversed in part, and remanded for further proceedings; appeal no. 2D11-6479 affirmed.
CRENSHAW and BLACK, JJ„ Concur.

. The parties do not dispute the equitable distribution of their personal belongings, autos, or cash accounts.