NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

| | |
|---|---|
| SARAH R. SHAVER, | ) |
| | ) |
| Appellant/Cross-Appellee, | ) |
| | ) |
| v. | ) Case No. 2D14-5873 |
| | ) |
| DAVID T. SHAVER, | ) |
| | ) |
| Appellee/Cross-Appellant. | ) |
| | ) |

Opinion filed August 24, 2016.

Appeal from the Circuit Court for
Pasco County; Susan Gardner, Judge.

Jane H. Grossman, St. Petersburg, for
Appellant/Cross-Appellee.

Allison M. Perry of Florida Appeals &
Mediations, P.A., Tampa, for
Appellee/Cross-Appellant.


CRENSHAW, Judge.


The wife appeals a final judgment of dissolution raising numerous errors

involving alimony, equitable distribution, and various discrepancies between the written

judgment and oral pronouncement. The husband cross-appeals as to the valuation of

his business, challenging the trial court's decision to allow the wife's expert to testify

regarding that issue. We affirm the cross-appeal without further comment. Because

significant portions of the final judgment are not supported by competent, substantial evidence or are otherwise inconsistent with the trial court's oral pronouncement, we are compelled to reverse the judgment in part and remand for further proceedings.

## I. Background

The parties were married in 1996 and have two minor children. During the marriage, the husband ran a successful printer service and supply company while the wife stayed home with the children. The husband initiated the dissolution proceedings in August 2011. The case proceeded to a six-day final hearing in February and May of 2014. During the hearing, the wife's forensic accountant presented the only expert testimony as to the valuation of assets and the financial situation of the parties; the husband did not present any expert witnesses. At the close of the hearing, the trial court announced: "this is where my ruling starts." It then proceeded to pronounce its findings as to the contested issues including the valuation of the husband's business, the wife's request for alimony, and the equitable distribution of the parties' assets, but it reserved ruling on the issue of attorney fees.

Regarding alimony, the trial court found that the wife had a need and the husband had the ability to pay alimony and determined that one year of rehabilitative alimony followed by five years of durational alimony would be appropriate. But the trial court declined to state a specific amount at that time. Instead, it asked the wife to prepare updated scenarios showing what the wife's needs would be before and after the sale of the marital home, presumably to ensure that the alimony award would comport with the wife's actual need during that period. The trial court ultimately requested that

the parties work together to prepare a proposed final judgment based on the forthcoming updated scenarios.

Regarding equitable distribution, the trial court adopted the wife's proposed equitable distribution schedule and found that the wife's valuation of the marital assets was supported by competent, substantial evidence. But, like the alimony scenario, the trial court noted that the wife's proposed schedule had to be revised in light of the court's finding that the marital portion of the husband's business was much lower than the valuation reflected in the wife's proposed schedule. The court left it to the parties "to work together and submit a proposed equitable distribution scheme . . . comporting with [the trial court's] ruling." Again, we presume that this meant the schedule had to be revised to reflect a new equitable division of the assets as the wife would not receive as large a portion of the husband's business as she anticipated.

As is often the case, the parties were unable to agree on a proposed final judgment. The trial court held a case management conference to resolve the disagreement. This was not an evidentiary hearing. Cf. Rodriguez v. Santana, 76 So. 3d 1035, 1037 (Fla. 4th DCA 2011) ("The trial court denied appellant's due process rights by proceeding with the evidentiary hearing after notifying appellant only of a case management conference."). During the case management conference, counsel for the wife indicated that the hearing was necessary because the parties could not agree on the amount of the alimony award and the equitable distribution of certain assets. For the first time at this hearing, the husband argued that certain assets should not be included in the equitable distribution scheme because the husband had sold them over the course of the dissolution proceedings. The husband also argued that he did not

have sufficient income to pay the amount of alimony reflected on the wife's updated need scenarios. At the close of the case management hearing, the trial court asked each party to prepare "competing judgments." The court ultimately entered the husband's proposed judgment verbatim.

## II. Alimony

The wife argues that the amount of the alimony award is not supported by competent, substantial evidence. We agree. This court recently described the four steps involved in the trial court's alimony decision-making process: the trial court must determine "(1) a party's need for support; (2) the other party's ability to pay; (3) the type of alimony or the types of alimony appropriate in the case; and (4) the amount of alimony to award." Taylor v. Taylor, 177 So. 3d 1000, 1002 (Fla. 2d DCA 2015).

During the trial, the wife presented ample evidence showing her need for, and the husband's ability to pay, alimony. Indeed, during the final hearing the trial court found the wife's need "to be reasonable and supported by competent, substantial evidence, almost ad-nauseam." And during the wife's expert testimony regarding the husband's income, counsel for the husband lodged a relevancy objection, arguing that "[t]here's never been a question of his ability to pay or anything else of the sort." Although the trial court found "there is an ability to pay" as to the husband during the final hearing, it announced: "I'm not going to say an exact amount." The court then determined that the wife was entitled to "one year of rehabilitative alimony under her plan of being in the work force" followed by "durational alimony for a period of five years." Thus, the trial court completed the first three steps of its decision-making process but failed to proceed to the fourth step at the time of the final hearing.

The final judgment awards the wife $3900 per month as rehabilitative alimony and $1000 per month as durational alimony. But there is no evidentiary support for these figures in the record and these amounts are considerably lower than what any of the wife's need scenarios showed.[1]  See, e.g., Doganiero v. Doganiero, 106 So. 3d 75, 78 (Fla. 2d DCA 2013) ("Here, assuming an annual income of $52,000 per year to the husband, an award of $100 per month in alimony to the wife, where that amount admittedly fails to meet the her [sic] needs, is woefully insufficient and beyond the pale."); Pardue v. Pardue, 518 So. 2d 954, 955 (Fla. 1st DCA 1988) ("There is nothing in the record disclosing how the trial court arrived at the amount of rehabilitative alimony . . . .").

The wife further argues—and the husband concedes—that the written judgment is inconsistent with the trial court's oral pronouncement because it awards the wife one year of rehabilitative alimony followed by four years of durational alimony when the trial court orally awarded one year of rehabilitative alimony followed by five years of durational alimony. See Brewer v. Brewer, 3 So. 3d 432, 433 (Fla. 2d DCA 2009) ("Reversal is required where the final judgment is inconsistent with the trial court's oral pronouncement."). We also agree with the wife that the written judgment is additionally inconsistent because it fails to include a provision requiring the husband to pay for the

---

[1]These numbers appear to come from suggestions made by the husband's counsel during the case management conference that the husband should receive "credit" for the roughly $9000 monthly temporary support payments he had been paying to the wife during the dissolution proceedings. But at that point in the proceedings the trial court had already twice denied the husband's motion for retroactive relief from the temporary order wherein he sought relief from the same allegedly overpaid temporary support. As the trial court explained at the final hearing, it denied the husband's requests for retroactive relief because "[t]here clearly was a need and there is an ability."

wife's education expenses when the trial court orally ruled that the husband needed to pay for the rest of the wife's education.

Because of these inconsistencies and the lack of competent, substantial evidence, the alimony award must be reversed.[2]  On remand, the trial court may reconsider not only the dollar amount of the award, but also the length of the award and the impact of the wife's education expenses.  See Doganiero, 106 So. 3d at 78 (explaining that "any type of alimony awarded must be of a legally sufficient amount"); Hann v. Hann, 629 So. 2d 918, 920 (Fla. 2d DCA 1993) (noting that a longer period of rehabilitative alimony may be necessary to cushion the wife's reintroduction into the work force); Edgar v. Edgar, 677 So. 2d 1359, 1361 (Fla. 1st DCA 1996) (holding that the trial court abused its discretion in failing to award sufficient rehabilitative alimony to allow the wife to complete her education within a reasonable time); Pardue, 518 So. 2d at 955.  The trial court may need to take additional testimony and evidence to establish an alimony award based on competent, substantial evidence.

### III. Equitable Distribution

**A. Depleted Assets**

Next, the wife challenges the portion of the written judgment that excludes certain assets from the equitable distribution scheme on account of the assets having been liquidated by the husband during the proceedings.  The wife specifically takes issue with the following assets: a 2007 Malibu V Ride Boat; a 2009 Crest III XRS Pontoon Boat; a 2011 Infiniti QX56; and $4000 removed by the husband from his

---

[2]We affirm without further comment the wife's other arguments relating to the trial court's calculation of the husband's income.

- 6 -

brokerage account. The written judgment excludes these assets from equitable distribution on the basis that they no longer "remain available for distribution, having been liquidated during the three (3) year pendency of this litigation and the proceeds expended for living expenses and payment of attorney's and accountant fees."

The husband did testify that he sold the Infiniti automobile and used the proceeds to pay for living expenses and attorney fees. However, there was no competent, substantial evidence showing that the husband used the proceeds from the sales of the other assets to pay for support or fees. And there is no indication that the husband even requested that any assets be excluded from equitable distribution at any time before the case management conference.

More importantly, the record reflects that the trial court never found that proceeds from the sale of these assets were used in the way described in the written judgment. In fact, during its oral ruling the trial court reprimanded the husband for selling marital assets during the proceedings in violation of a standing order prohibiting their sale. Cf. Plitcha v. Plitcha, 899 So. 2d 1283, 1286 (Fla. 2d DCA 2005) ("It was error for the trial court to include these depleted marital assets in the equitable distribution scheme because the Husband used this sum during the pendency of the dissolution proceedings, and no misconduct was asserted."). Instead of the findings contained in the written judgment, the record reflects that during its oral pronouncement the trial court adopted the wife's proposed equitable distribution schedule—which included the depleted assets—after finding the wife's values as to these assets on the schedule were "reasonable and supported by competent, substantial evidence."

**B. The "Retained Cash" Asset**

Additionally, the wife argues that there is no competent, substantial evidence to support the provision in the final judgment omitting $142,717 identified as "[r]etained cash" from equitable distribution on the basis that it was counted as income for the husband in 2012. The husband responds that he used the retained cash to pay for attorney fees and support and thus the trial court could properly exclude the asset from equitable distribution. However, as with the excluded assets discussed above, there is no competent, substantial evidence that the husband used the retained cash to pay for attorney fees and support, and the record reflects that the trial court made no such finding.

**C. Valuation of the Husband's Business**

The wife argues that the trial court erred in determining that $3,550,000 of the value of the husband's business represented personal goodwill constituting nonmarital property not subject to equitable distribution. Contrary to the wife's assertions, the trial court's valuation of the personal goodwill of the husband's business was supported by competent, substantial evidence and we affirm the trial court's valuation of this asset. See Thompson v. Thompson, 576 So. 2d 267, 270 (Fla. 1991) ("[G]oodwill, to be a marital asset, must exist separate and apart from the reputation or continued presence of the marital litigant.").

Because the trial court's distribution of assets and its findings that certain assets should be excluded from equitable distribution altogether are not supported by competent, substantial evidence we must reverse the entire award of equitable distribution and remand for the trial court to reconsider the equitable distribution

scheme.[3]  See Haddad v. Haddad, 686 So. 2d 788, 789 (Fla. 5th DCA 1997) ("The award of equitable distribution is reversed and remanded to the lower court because of inconsistencies on the face of the judgment and because certain of the findings are not supported by the record.").

## IV. Conclusion

The wife's remaining arguments regarding (1) the life insurance provision in the written judgment, (2) the husband's alleged stipulation to pay the wife's COBRA expenses, and (3) certain other findings included in the written judgment that were not made by the trial court are meritless and do not warrant further discussion.  Accordingly, we reverse and remand for recalculation of the alimony award and the equitable distribution scheme as detailed above; the judgment is affirmed in all other respects.

Affirmed in part, reversed in part, and remanded.

CASANUEVA and KELLY, JJ., Concur.

---

[3]The wife additionally argues that the trial court erred in ruling that the husband will be entitled to a setoff against the equitable distribution figure based on the attorney fees he paid over the course of the dissolution proceedings.  And she argues the judgment is inconsistent because it fails to include a provision requiring the equalizing payment to be paid within sixty days after entry of the judgment, despite the trial court's oral pronouncement that it would be so due.  As to the setoff, we question the propriety of such an arrangement considering the established principle that once the equitable distribution scheme is finalized and an equalizer payment ordered, it becomes a party's vested property.  See § 61.075(2), Fla. Stat. (2015); see also Rowland v. Rowland, 868 So. 2d 608, 612 (Fla. 2d DCA 2004); Harper v. Harper, 586 So. 2d 1147, 1148 (Fla. 2d DCA 1991).  But because our reversal will require the trial court to revisit the equitable distribution scheme in its entirety, we do not reach these arguments.