NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CINDY ROSE COOK,                            )
                                            )
           Appellant,                       )
                                            )
v.                                          )      Case No. 2D16-555
                                            )
KEVIN CRAIG COOK,                           )
                                            )
           Appellee.                        )
_____ )

Opinion filed April 5, 2017.

Appeal from the Circuit Court for Lee
County; John S. Carlin, Judge.

Roy W. Foxall of Roy W. Foxall, P.A., Fort
Myers, for Appellant.

No appearance for Appellee.


PER CURIAM.

           Cindy Rose Cook appeals a final judgment dissolving her marriage to

Kevin Craig Cook, arguing on appeal that the trial court erred in failing to award her

permanent alimony.  We reverse because the trial court failed to include specific

findings of fact relating to alimony in the final judgment as required by section 61.08,

Florida Statutes (2015).

The parties' eighteen-year marriage is considered a long-term marriage for purposes of determining alimony.[1]  See § 61.08(4).  Section 61.08(8) provides that a trial court may award permanent alimony following a long-term marriage if the award is appropriate after considering the factors set forth in subsection (2).  Subsection (2) provides that "[i]n determining whether to award alimony or maintenance, the court shall first make a specific factual determination as to whether either party has an actual need for alimony or maintenance and whether either party has the ability to pay alimony or maintenance." (Emphasis added.)[2]

In the present case, the trial court failed to make any factual findings regarding the Wife's need and the Husband's ability to pay alimony as required by section 61.08(2).  The only finding that the trial court made regarding alimony is the following: "There was no competent substantial evidence to support the wife's request for alimony.  The Court has reviewed the Wife's alimony claim in accordance with Florida Statute 61.08."

The failure of a trial court to include statutorily required findings of fact to support its denial of alimony is error.  Staton v. Staton, 710 So. 2d 744, 745-46 (Fla. 2d DCA 1998); see Abbott v. Abbott, 187 So. 3d 326, 329 (Fla. 1st DCA 2016) (reversing final judgment of dissolution of marriage where "the trial court failed to make any findings of fact with regard to the Former Wife's need for alimony and the Former

---

[1]The parties were married in June 1996, and the Wife filed a petition for dissolution of marriage on May 7, 2015.

[2]If the trial court finds that one party has a need for alimony and the other party has the ability to pay alimony, then the trial court must consider ten factors listed in section 61.08(2) in determining what type and the amount of alimony to award.

Husband's ability to pay, the parties' incomes and expenses, and the factors listed in section 61.08(2)(a)-(j)"). But see Wright v. Wright, 135 So. 3d 1142, 1144 (Fla. 5th DCA 2014) (noting that a trial court's omission of these findings from the final judgment is only harmful if the absence of such findings impedes appellate review).

There is no transcript of the trial in the record on appeal; however, the trial court approved the Wife's "Statement of the Evidence and Proceedings." The statement of the evidence indicates that the Husband receives a monthly disability retirement payment of $5146.43, which is not taxed. Although the statement of the evidence does not note the Husband's expenses, his financial affidavit reflects that his monthly expenses are $4866.00, which leaves him with a monthly surplus of $280.43. Consequently, the Husband appears to have the ability to pay alimony.

As to the Wife, the statement of facts notes that she works at Advance Auto Parts where she earns a net monthly income of $894.66, and her monthly expenses are $2780.50. Therefore, the Wife has a monthly deficit of $1885.84 and appears to have a clear need for alimony. See Doganiero v. Doganiero, 106 So. 3d 75, 77-78 (Fla. 2d DCA 2013) (holding that award of $100 a month in durational alimony was woefully insufficient where trial court imputed a $52,000 income to the husband and a $24,000 income to the wife). We note that the trial court's omission of findings hampers meaningful appellate review in this case, as it is difficult to discern why the trial court concluded, after considering the parties' incomes, that there was "no competent substantial evidence" to support the request for alimony to the Wife. See id. at 78.

We reverse the final judgment and remand for the trial court to make appropriate findings as required by section 61.08. However, the trial court may, if

necessary, reopen the evidence to address the issue of alimony.  All other portions of the final judgment of dissolution are affirmed.

Affirmed in part; reversed and remanded in part.

VILLANTI, C.J., and CASANUEVA and KELLY, JJ., Concur.